## SKIFF *v.* THE STATE OF IOWA.

Ordinarily, the presumption is in favor of the regularity of the proceedings of the District Court, and that such court had (where the contrary is not shown), sufficient evidence to justify the judgment rendered.

In cases of contempts, however, the provision of the Code is positive, that where the action of the court is founded upon evidence given by others, the *evidence* must be reduced to writing, and be filed and preserved; and where the court acts upon its own knowledge, a statement of the *facts*, must be entered upon the record.

The power to punish for contempt is a necessary one, but at the same time,

Skiff v. The State of Iowa.

should be carefully exercised, in strict accordance with law, and a due regard for the rights of those charged.

Where the only record in a case of contempt, was the following: "Harvey J. Skiff fined for contempt of court, fifty dollars. For a second contempt, one hundred dollars, and ordered to be committed to jail for three days. Mittimus issued to sheriff of Polk county, to confine said H. J. Skiff in the jail of said county for three days," the party was discharged from custody and from the fines adjudged against him.

### Certiorari to the Jasper District Court.

THE plaintiff in error, having been fined and ordered to be imprisoned, for an alleged contempt, he brings the proceedings before us for revision, by *certiorari*, under section 1606 of the Code. The clerk of the Jasper county District Court certifies, that the following is "a full and true transcript of the record of said court" in said cause:

"Harvey J. Skiff fined for contempt of court, fifty dollars. For a second contempt, fined one hundred dollars, and ordered to be committed to jail for three days. Mittimus issued to sheriff of Polk county, to confine said H. J. Skiff in the jail of said county for three days."

*C. Bates*, for the plaintiff.

*Clarke & Henley* (for the attorney-general), for the state.

WRIGHT, C. J.—We shall notice but one of the several grounds urged for the discharge of the plaintiff in error. Our Code, chapter 94, after specifying what acts or omissions, shall be deemed contempts, and for their punishment, provides, section 1604, that where the action of the court, in such cases, is founded upon evidence given by others, such evidence must be reduced to writing, and be filed and preserved; and if the court act upon their own knowledge in the premises, a statement of the facts upon which the order is founded, must be entered on the records of the court, or be filed and preserved, when the court keeps no record. In this case, there is nothing to disclose whether the court acted

upon evidence given by others, or upon their own knowledge. Nor is it material, for in either event, the facts or evidence upon which the court acted, must be preserved and shown. Ordinarily, it is true, the presumption is in favor of the regularity of the proceedings of the District Court, and that such court had (when the contrary is not shown) sufficient evidence to justify the judgment rendered. In cases of contempt, however, the provision of the Code is positive, that the evidence in the one case, and the facts in the other, shall be filed and preserved, or entered on the record. The power to punish for contempt, is a necessary one, but at the same time it should be carefully exercised, in strict accordance with law, and a due regard to the rights of those charged. To fine and imprison the citizen, upon a record so barren and destitute of every legal requisite as the one before us, cannot be tolerated in this country, where liberty and property are justly held so sacred. We see no cause for holding the person charged further liable, and he is discharged from custody, as also from the fines adjudged against him.