THE STATE v. DOUGHERTY.

Contempt of court: WHAT RECORD MUST DISCLOSE. Under section 2694 of the Revision, the record, in a proceeding of punishment for contempt of court, must show the evidence upon which the court acted; or, if the court acted upon its own knowledge, a statement of the facts must appear. Following *Skiff* v. *The State*, 2 Iowa, 550; and *The State* v. *Utley*, 13 id. 593.

*Certiorari to the Polk District Court.*

FRIDAY, JULY 28.

THE complainant was fined in the Polk district court for contempt. The only record in the cause is as follows: " And now, on this day, this cause came up for hearing, the defendant appearing in person, and the court fined said defendant in the sum of $25 and the costs of the four several cases herein, for contempt. It is therefore ordered by the court that said defendant be fined in said sum and costs in this cause, and in No. 440½, 441 and 444, criminal on this docket, in all, taxed at $72.30, and that he stand committed to the county jail of this county at the rate of $3.33 per day, until said fine and costs are fully paid, and that special execution and committal issue therefor."

*McHenry & Bowen* for the complainant.

*H. O'Connor*, Attorney-General, for the State.

DAY, Ch. J.— The record does not show either the facts or the evidence upon which the court acted. Hence, upon the authority of *Skiff* v. *The State of Iowa*, 2 Iowa, 550; and *State of Iowa* v. *Utley*, 13 id. 593, the judgment must be reversed. It becomes unnecessary that we should examine the other objections made to the proceedings.

Reversed.