## LUTZ v. AYLESWORTH.

1. **Attachment**: DISCOVERY OF PROPERTY BY EXAMINATION OF DEFEND-ANT: JURISDICTION: EVIDENCE. A defendant in attachment may be compelled to appear before a judge and give information concerning his property, under § 2968 of the Code, whenever the necessary facts required by said section are made to appear by the affidavit of the plaintiff. No other evidence is required of those facts.

2. **Practice in Supreme Court**: CONTRADICTION OF JUDGE'S CERTIFI-CATE TO THE EVIDENCE. Where a judge makes a sufficient authentication of the evidence in a case, it must be accepted in this court as conclusive, and cannot be contradicted by affidavits purporting to show irregularities in taking and preserving the evidence.

3. **Contempt**: ORDER OF COMMITMENT FOR: PRESERVATION OF EVIDENCE ON WHICH IT IS BASED. Where on a hearing before a judge a party is committed for a contempt, the judge must file and preserve a statement of the facts on which the order is founded; (Code, § 3497;) but where all the proceedings were taken down by a short-hand reporter, and his notes were extended and filed, and the transcript thus preserved contained a statement of all the necessary facts, *held* that this was a sufficient compliance with the statute.

4. ——: POWER OF JUDGE TO PUNISH FOR. A defendant in attachment, who is called before a judge to discover his property, under § 2968 of the Code, may, under § 349 of the Code, be punished by the judge for contempt in refusing to answer a proper question. The power to punish for such contempt is not confined to the courts.

### WEDNESDAY, JULY 22.

CERTIORARI. Defendant is judge of the superior court of Council Bluffs. On the application of a creditor of a partnership, of which plaintiff was a member, he was required to attend before defendant, and give information respecting the property of said partnership. During the progress of the examination he was adjudged guilty of a contempt, and was sentenced by defendant to imprisonment in the county jail. He thereupon filed his petition in this court, praying that a writ of *certiorari* issue, and that the procedings be reviewed by this court. The writ was allowed, and defendant has made

return thereto; and the cause was submitted on the record certified to us by the defendant and certain affidavits filed by plaintiff.

*Wright, Baldwin & Haldane,* for plaintiff.

*Sapp & Pusey,* for defendant.

REED, J.—I.   The transcript certified to us by defendant, in obedience to the mandate of the writ, contains the applica-

1. ATTACH-
MENT: dis-
covery of
property by
examination
of defendant:
jurisdiction :
evidence.

tion on which he acted in making the order requiring plaintiff to attend before him and give information concerning the property of his firm. The application consists of the petition of the creditor and an affidavit of one member of the creditor firm, the creditor being a partnership.   It is alleged in the petition that the firm of which plaintiff is a member is indebted to the creditor in the sum of $2,526; that a suit had been instituted in the circuit court on said claim, and that an attachment had been sued out, and that the creditor was unable to find a sufficient amount of property belonging to the debtor to satisfy said attachment.

In the affidavit the affiant swears that an attachment has been sued out in the cause, and that he does not know of enough property of the debtors to satisfy the creditor's claim, and that he believes that the debtors have property within the state not exempt from execution.   The first position urged by counsel for plaintiff is that defendant did not have jurisdiction on this application to make the order, and consequently the order requiring plaintiff to attend before him, and every other order made in the course of the proceedings, is void.   It is insisted that a judge is empowered to make the order requiring a party to attend before him, and submit to an examination concerning his property, only upon proof by competent evidence that a suit is pending against him in which an attachment has been issued; and that the only competent evidence of this fact would be the files and record of the pro-

Lutz v. Aylesworth.

ceedings in the action and the writ of' attachment, and that these were not produced before defendant, either at the time he made the order or upon the examination. The sufficient answer to the position is that the statute which authorizes the proceedings (Code, § 2968) provides that the judge shall make the order whenever it is made to appear by the affidavit of the plaintiff or the return of the writ that no property is known to the plaintiff or the officer on which the attachment can be executed, or not enough to satisfy plaintiff's claim, and `it is further shown by affidavit that the defendant has property in the state not exempt from execution. The facts which are required by this section to be shown before the order can be made were shown by the application on which defendant acted, and were shown in the manner required by the section, viz., by the affidavit of plaintiff.

II. What purports to be the evidence given by plaintiff on the examination before defendant is embodied in the transcript. Plaintiff filed in this court the affidavits of the short-hand reporter, who took the evidence down at the time of the examination, and of one of his attorneys, who swore that the reporter was employed to take the notes by the attorneys of the creditor, and that no order was made by the judge for taking it, and that the transcript of the evidence was delivered by the reporter to the attorney who employed him, and that the judge took no notes of the evidence himself; but that he embodied in his return to the writ the transcript thereof made by the reporter for the creditor's attorney, which was given him by the attorney. On this showing we are asked to disregard this part of the transcript. The certificate attached to the transcript by defendant is to the effect that it is a full, true and complete transcript of the record, proceedings and facts in the case, and that it is as full, true and correct and complete as the same remains of record and on file in defendant's office. It is not competent to contradict this certificate in the manner in which plaintiff seeks to contradict it. It is a suffi-

*2. PRACTICE in supreme court: contradiction of judges certificate to the evidence.*

cient authentication of the transcript, and must be accepted here as conclusive evidence of its correctness; and it shows that a record was made of the evidence given by plaintiff on the examination in question, and that the same remains on file in defendant's office, and that a correct transcript of it is embodied in the record certified to us by the defendant in answer to the writ.

III.   It is next contended that plaintiff should be discharged, for the reason that it does not appear by the record 3. CONTEMPT: that any statement of the facts upon which the order of commitment for: order committing plaintiff for contempt was preservation of evidence founded was either entered of record or filed and on which it is based. preserved in the office of the judge, as required by section 3497 of the Code.   The examination was had before the judge, and not before the court, and the alleged contempt consisted in the refusal by plaintiff to answer a question which the judge ruled was a proper one, and which he directed plaintiff to answer.   As the judge does not keep a record, he was required by the statute (section 3497) to file and preserve a statement of the facts on which the order of commitment was founded; and it has been frequently held that a failure by the court or judge to comply with this requirement of the statute invalidates the order of commitment.   *Skiff v. State*, 2 Iowa, 550; *State v. Utley*, 13 Id., 593; *State v. Dougherty*, 32 Id., 261; *State v. Folsom*, 34 Id., 583.

We think, however, that there was a substantial compliance with the requirement in the present case.   It is shown by the transcript and the certificate attached thereto that the question which plaintiff refused to answer, and the ruling of the judge that it was a proper question and should be answered, and plaintiff's refusal to answer it, were all taken down in writing at the time.   The order of commitment was also taken down, and this writing was filed and is now preserved in the judge's office.   It is true that the only writing made at the immediate time of the transaction was the short-hand

Lutz v. Aylesworth.

reporter's notes.   But these were afterward extended, and what was filed and preserved was the transcript made by the reporter.   But, as it contains a statement of the very facts which the statute requires the judge to embody in the statement which he is required to file and preserve, it answers every purpose of the statute.

IV.   It is finally insisted that the judge had no power to punish plaintiff for the alleged contempt, but that the power to impose such punishment is conferred alone on the courts.   This position is not tenable.   It is expressly provided by section 349 that "the following acts or omissions are deemed to be contempts, and are punished as such by any of the courts of this state, or by any judicial officer acting in the discharge of an official duty:   *

4. ——:
power of
judge to pun-
ish for.

*   *   4.   Disobedience to any subpœna issued by it and duly served, or refusing to be sworn or answer as a witness."   It cannot be doubted, we think, that under this section defendant had the power to impose the punishment which he did impose upon plaintiff for the act of which he was guilty.   The exercise of such power under similar circumstances by a judicial officer was affirmed by this court in *Robb v. McDonald*, 29 Iowa, 330; *State v. Seaton*, 61 Id., 563.

The order of the judge of the superior court is

AFFIRMED.