## DORGAN v. GRANGER, Judge.

**Contempt:** PROCEDURE: EVIDENCE NOT FILED. A commitment for contempt based upon facts not within the knowledge of the court, but proved by the testimony of others, is void, unless the evidence is reduced to writing and filed and made of record, as required by section 3497 of the Code, before the order of commitment is made. And in this case, where the evidence was taken down by the short-hand reporter, but his notes were never filed, but some weeks later a translation was filed, not for the purpose of remaining of record in the district court, but for use in this court, *held* that the order of commitment was of no effect, and that the party committed should be discharged. (Compare *Lutz v. Aylsworth*, 66 Iowa, 632, and *Goetz v. Stutsman,* 73 Iowa, 694.)

*Certiorari to Chickasaw Circuit Court.*—HON. C. T. GRANGER, Judge.

FILED, DECEMBER 18, 1888.

THIS is a *certiorari* proceeding to test the validity of an order for the punishment of an alleged contempt of court.

*A. C. Boylan,* for plaintiff.

*A. J. Baker,* Attorney General, for defendant.

ROBINSON, J.—On the twenty-fifth day of March, 1885, in an action then pending in the Chickasaw circuit court, a decree was rendered against the plaintiff in this proceeding, perpetually enjoining him from maintaining a certain room for the illegal sale of intoxicating liquors, and from selling therein intoxicating liquors contrary to law. On the twenty-fifth day of June, 1888, he had a hearing before defendant on a charge of having violated said injunction. The alleged violation not being within the knowledge of the court, parol evidence was taken to

sustain and resist the charge. On the next day the following order was made, to-wit: "And now, on the twenty-sixth of June, 1888, being advised in the premises, the defendant is adjudged in contempt of court for the violation of said injunction (in this I do not find that the defendant has violated the injunction except in the sale of bottled beer, as stated in the evidence), and it is ordered and adjudged that the defendant be committed to the jail of Bremer county, at hard labor, for a period of three months, and a warrant of commitment to issue therefor." The defendant excepts to the finding, order and judgment.

I. It is contended on the part of plaintiff that the order of commitment was illegal, for the reason that the parol evidence on which it was founded was not made a part of the record, as required by law. The certificate of the defendant, appended to the transcript returned by him, states that "the foregoing is a full and complete transcript of the records and proceedings in said cause, including all the testimony or evidence taken on the hearing, which was taken in writing, and filed and preserved." It is dated the third day of September, 1888. It is made to appear that the parol evidence was taken down in short-hand at the hearing, but that the short-hand reporter's notes were never filed; that on the eighth day of August, 1888, a translation of these notes was presented to the proper clerk, and marked by him "filed," and at once taken away for the use of the defendant, and that the translation so filed is the transcript included in the returns of defendant. The certificate of defendant shows that it is not a part of the record, but a transcript therefrom. This is now a part of the record of this case in this court, and cannot be considered a part of the record in the district court. It thus appears that when the order of commitment was made the evidence was not of record; that there was no attempt to make it of record for six weeks; that a translation of the short-hand reporter's notes was then filed, but not for the purpose of having it remain of record in the district court; and that it has not been among the

records of that court since that time, but has been among the records of this court since the sixth day of September, 1888. This court has repeatedly held that the order of commitment is invalid unless the requirements of section 3497 of the Code are met. *Lutz v. Aylesworth*, 66 Iowa, 632, and cases therein cited. It was held in *Goetz v. Stutsman*, 73 Iowa, 694, that the filing of the short-hand reporter's notes of the evidence, when followed by the filing of a translation thereof, would be a sufficient compliance with the statute. In that case the record before us justified the conclusion that the reporter's notes, with a certificate of the judge attached, was on file when the order was made. But in this case it is shown that such notes were never filed, and it does not appear that they were ever certified by the judge. The statute requires the filing and preservation of the evidence, not alone for the benefit of the public, but for the protection of the person adjudged to be in contempt. In case the order of punishment is illegal, it is important that the record shall disclose the fact, and afford means for a speedy correction. We do not determine that defendant had the right to withdraw permanently any portion of the record of the district court. If the transcript was filed for the purpose of making it a part of the record, it could not be so withdrawn, but it does not appear that it was filed for that purpose. If it be conceded that it was, still we think it was not sufficient, because filed too late. If the evidence can be withheld for six weeks, we do not know why it may not be for six months, or for an indefinite length of time. If a valid order for the punishment of a contempt can be made before the evidence is of record, then a subsequent failure to make the evidence of record would not render such an order invalid. In our opinion the provision of the statute in question is mandatory, and the failure to meet its requirements rendered the order in controversy of no effect. It is therefore set aside, and the plaintiff is discharged.

REVERSED.