RICHARD SMALL, Plaintiff, v. GEORGE W. WAKEFIELD, Judge, Defendant.

Contempt: PROCEDURE: FILING OF EVIDENCE. Where the shorthand reporter's notes of evidence taken in a contempt proceeding were ordered filed by the court, but the reporter having them in custody delayed filing them until two hours after the judgment of the court had been announced, and then left them at the clerk's office after office hours, without any order for filing, and the notes were not in fact marked filed until the next day, *held*, that there was a filing of the notes upon the date of the judgment within the meaning of section 3497 of the Code, requiring the evidence in such cases to be filed and preserved.

THURSDAY, FEBRUARY 4, 1892.

CERTIORARI proceeding to determine the legality of an order made by the defendant, as judge of the district court of the state of Iowa, in and for the fourth judicial district, for the punishment of an alleged contempt of court.—*Affirmed.*

*Lynn & Sullivan,* for plaintiff.

*Carter & Brown,* for defendant.

GIVEN, J.—The single question presented for our consideration arises out of the following agreed statement of facts submitted as evidence in this case, to-wit:

"*First.* That the hearing in the contempt proceedings in the case of G. H. Cummings *v.* Richard Small, wherein this defendant, it is alleged and claimed by the plaintiff, has proceeded illegally, said hearing was had upon evidence offered orally and taken down by W. E. Cody, official shorthand reporter in and for said fourth judicial district, upon the seventh day of July, 1890, and that at the close of said evidence said defendant directed and ordered said reporter to file the shorthand minutes of the said evidence with the clerk of said court, and two o'clock P. M. of said day fixed as time for pronouncing judgment.

"*Second.* That at the time of pronouncing judgment, to-wit, between the hours of two and three o'clock P. M. of said day, and the filing of written order in said proceedings by said defendant, he looked with reference to the filing of said shorthand minutes by said reporter, and ascertained they had not been filed; whereupon defendant judge immediately found said reporter, and directed him to go and file said minutes.

"*Third.* That said W. E. Cody, reporter as aforesaid, thereupon went to the office of the clerk of

said court, to-wit, at about the hour of five o'clock
P. M. of said day, to file said minutes, and found the
clerk absent, and he left said minutes upon the clerk's
desk for filing, but the same were not marked 'Filed' by
the clerk on said day, nor did said Cody see said clerk,
or leave any instructions regarding said papers on
said day.

"*Fourth.* That early next the morning, to-wit,
about eight o'clock A. M., said W. E. Cody, reporter
went to said clerk's office, and directed him to file said
minutes, whereupon said clerk marked said minutes
'Filed' upon the back thereof, as of July 8, 1890, and
noted the filing of the same in the appearance docket
as of said last-mentioned date.

"*Fifth.* That the written order made by the defend-
ant was filed with the clerk of the district court before
the minutes of testimony."

The plaintiff's contention is that section 3497 of
the Code, requiring the evidence in such cases to be
filed and preserved, is mandatory, and that the failure
to file the evidence taken in this case until after the
order for punishment was made renders that order
illegal and void. Section 3497 is as follows: "Where
the action of the court is founded upon evidence given
by others, such evidence must be in writing, and be
filed and preserved; and, if the court act upon their
own knowledge in the premises, a statement of the
facts upon which the order is founded must be entered
on the records of the court, or be filed and preserved
when the court keeps no record." In *Lutz v. Ayles-
worth*, 66 Iowa, 629, it was held that taking the testi-
mony in shorthand was a taking in writing, and the
filing of an extension thereof was sufficient under the
statute. See, also, *Ross v. Loomis*, 64 Iowa, 433;
*Goetz v. Stutsman*, 73 Iowa, 694, and *Dorgan v. Granger*,
76 Iowa, 156. The question here, however, is as to
the time of filing. We have seen that the minutes of
the testimony taken in shorthand were left upon the

clerk's desk on the same day upon which the order was made, and about two hours later. This was a "filing," within the meaning of the statute. See *State v. Guisenhause*, 20 Iowa, 227; *State v. Briggs*, 68 Iowa, 416. The notes of the evidence were taken by the official shorthand reporter of the district for which the defendant was acting as judge. The defendant had directed that they be filed before the judgment in question was rendered. They were so "filed," within the meaning of the law, on the same day, and were at all times before the filing in the custody of an officer of the court for the purpose of preserving and making them of record. In such cases the law does not recognize parts of days, and the taking and filing of the notes and the rendering of the judgment must be regarded as parts of one transaction, which occurred on the same day, and, therefore, in contemplation of law at the same time.

The conclusions we have reached are not in conflict with the decision announced in *Dorgan v. Granger*, 76 Iowa, 156. The judgment in that case was rendered on the twenty-sixth day of June, 1888. The shorthand notes of the evidence were never filed, and the translation of the notes was not filed until the eighth day of August of the year named. What was said in regard to the filing of the notes referred to cases where they were not filed until after the day on which judgment was rendered, and not to those in which the filing of the notes and the rendering of the judgment occurred at the same time.

We conclude that the evidence in question was preserved in all respects as required by statute. The judgment of the district court is therefore AFFIRMED.