THE STATE OF IOWA ON THE PETITION OF F. L. ARTHAUD, v. THE DISTRICT COURT OF TAYLOR COUNTY, IOWA.

Contempt: OPPORTUNITY FOR DEFENSE. Before a fine for contempt of court can be imposed under Code, section 4465, the party should be allowed a reasonable time in which to file a written explanation of his conduct.

Statement of facts. Where the court or judge proceeds upon its own knowledge to impose a punishment for contempt, a statement of the facts upon which the judgment is based must be entered on the records.

*Certiorari from Taylor District Court.*— HON. R. L. PAR-
RISH, Judge.

TUESDAY, MAY 10, 1904.

THE opinion states the case.

*Arthaud & Arthaud,* for petitioner.

No appearance for respondent.

WEAVER, J.— A fine having been assessed against the
petitioner by the trial court for an alleged contempt, a writ
of *certiorari* has been sued out for a review of said proceed-
ings.   The return made to the writ simply certifies the rec-
ord entry of the judgment of the district court, which is in
the following words:

"*State of Iowa v. F. L. Arthaud.*   Be it remembered
that on this 4th day of March, 1903, at the February term
of this court, F. L. Arthaud, being an attorney in attendance
upon said court, having been, in the judgment of the court,
guilty of contemptuous and insolent behavior towards said
court, which may tend to impair the respect due to its au-
thority, in language and conduct, in refusing to obey the
orders of the court, and in his remarks and conduct towards
the court in this as in many other instances during the term,
the court has adjudged him in contempt, and assessed a fine
of $25, which the clerk is ordered to record.   At the same
time the court directs, as provided by statute, that the said
F. L. Arthaud may make such written explanation of his
conduct, under oath, to be filed, as he sees fit."

I.   It is contended by the petitioner that this return is,
upon its face, insufficient to sustain the judgment of which
complaint is made, and we think the contention is well
1. OPPORTUNITY   founded.   Ordinarily a proceeding to pun-
FOR DEFENSE.   ish a party for contempt of court must be
founded on an affidavit showing the nature of the con-

duct or act charged, and rule must issue to the defendant to show cause against punishment, and reasonable time allowed therefor. In case, however, the contempt is committed in the presence of the court, the affidavit and order to show cause may be omitted. Code, sections 4464, 4465. In either case the person so charged may file a written explanation of his conduct, under oath, which must be filed and preserved. Code, section 4465. It is quite clearly the intent of the statute to allow the party the right to file such explanation before the assessment of punishment, and we have held that reasonable time should be allowed for that purpose, if time be asked. *State v. Duffy,* 15 Iowa, 425. To assess punishment first, and allow explanation afterward, would be an entire reversal of the ordinary course of judicial proceedings. The statute appears to proceed upon the reasonable theory that cases may arise in which acts or conduct constituting an alleged contempt are susceptible of explanation which will purge them of their apparent offensiveness, and relieve the accused of the odium of the charge made against him; and the right thus guaranteed to be of any value, must be granted before he is adjudged guilty. Following this view, we held in *Russell v. French,* 67 Iowa, 102, that, upon a charge of contempt committed by an attorney in the presence of the court, " he has the right to make a written explanation of his conduct, under oath, for the purpose of excusing the contempt or reducing the punishment, and a reasonable opportunity must be given for this purpose before punishment is inflicted.  *  *  *  The right is not a barren one, but is of a substantial character, and a person cannot be deprived of it by an expeditious mode of inflicting punishment."

II. The statute further provides (Code, section 4466) that, if the contempt is established by testimony, it must be

**2. STATEMENT OF FACTS.** taken in writing, and " filed and preserved; and if the court or judge acts upon personal knowledge in the premises a statement of the facts upon which

the order is founded must be entered on the records of the court." It is apparent that in the case before us the court proceeded upon its own knowledge, and adjudged the petitioner guilty of contempt for something said or done by him in the court's presence, but there is an entire failure to observe the provisions of the statute just referred to. The record made discloses only the judgment or opinion of the trial court that the petitioner's conduct was contemptuous, but wholly fails to reveal the particular act or acts, word or words, upon which that judgment is based. In the nature of things, the authority of the court to punish for contempt is somewhat summary in character, and due regard for its dignity requires that insolence or disorder in its presence should be promptly rebuked and punished. On the other hand, the liberty of the individual is jealously guarded against an oppressive or capricious exercise of such authority; and, for the protection both of the court and of the individual, it is made imperative that the particular act done or words spoken in alleged contempt shall be, in substance, preserved in the record, in order that upon review of the judgment the appellate tribunal may be put in possession of an accurate history of the case from its inception. A failure to preserve such record we have held sufficient ground for reversing a judgment assessing punishment for contempt. *State v. Utley,* 13 Iowa, 593; *State v. Douherty,* 32 Iowa, 261; *State v. Folsom,* 34 Iowa, 583; *Skiff v. State,* 2 Iowa, 550; *Dorgan v. Granger,* 76 Iowa, 156.

The facts are not before us, and we cannot attempt to consider counsel's argument upon the merits. We have only to say that, for the reasons hereinbefore given, the record is insufficient to sustain the judgment entered by the court below, and the same is ANNULLED.