STATE OF IOWA EX REL. W. H. ALDRICH v. DISTRICT COURT OF IOWA, J. R. WHITAKER, Judge.

Contempt: PRECEDURE: STATEMENT OF FACTS. To support a judgment for contempt, where the court acts upon personal knowledge in the premises, a statement of facts upon which the order is based must be entered upon the record, or filed and preserved when the court keeps no record; but the filing of a certified copy of the shorthand notes containing the record upon which the order rests without a translation thereof is not a compliance with the statute.

FRIDAY, FEBRUARY 15, 1907.

THIS is a certiorari proceeding to test the correctness of an order finding W. H. Aldrich guilty of contempt in refusing to state or reveal the disposition of certain property received by him, and ordering him committed to jail until he made such revelation.— *Annulled.*

*F. M. Williams,* for complainant.

*Albrook & Lundy,* for respondent.

DEEMER, J.— The return made by the defendant shows that in a proceeding wherein Mattie Aldrich was plaintiff and W. H. Aldrich was defendant the complainant was a witness, and that during the course of the proceedings a case was docketed entitled " State of Iowa v. W. H. Aldrich," in which the following entry was made on the 14th day of September, 1906: " The defendant, while testifying as a witness, refusing under order of court to reveal or state as to

the disposition of $1,300 received by him, he is found to be in contempt of court and in the presence of the court, and it is ordered that he be imprisoned in the county jail until he reveals the disposition or the whereabouts of such funds, unless the defendant by 1:30 p. m. of the 18th day of this term, by written explanation, purges himself of such contempt." The eighteenth day of the term was the 15th day of September, and upon that day the court made the following order: " The defendant, failing to file any explanation purging himself of contempt of court, it is ordered that a mittimus issue imprisoning him in the county jail until further order of the court or until he reveals the disposition or whereabouts of said sum of thirteen hundred ($1,300.00) dollars. The shorthand notes filed in case No. 6539 are made a part of this record." A warrant of commitment was at once issued, and complainant was immediately placed in jail, where he now remains.

From this record it is apparent that the contemptuous conduct was committed in the presence of the court or judge, and that the order was based upon personal knowledge, and not upon testimony given by others. The statute with reference to this matter provides that " where the action of the court is founded upon evidence given by others such evidence must be in writing and be filed and preserved, and if the court or judge acts upon personal knowledge in the premises, the statement of the facts upon which the order is founded, must be entered on the records of the court or be filed and preserved when the court keeps no record and shall be part of the record." Code, section 4466. What purports to be a copy of the shorthand notes in the case of Aldrich v. Aldrich, certified by the judge and the reporter as being the shorthand notes in said case, were filed with the clerk of the court on September 15, 1906, but no translation thereof has ever been made or filed.

In *State v. District Court,* 124 Iowa, 187, we held that, where the court or judge acts upon personal knowledge,

the particular act done or words spoken in alleged contempt shall be in substance preserved in the record in order that upon review of the judgment the appellate tribunal may be in possession of an accurate history of the case from its inception; and that failure to make such record is sufficient ground for reversing the contempt judgment. It is apparent that the record now before us simply discloses the conclusion or opinion of the trial court, and that it fails to reveal the particular act or acts upon which the judgment is based. True, the shorthand notes in another case were filed on the day the final order of commitment was made, but after the court had found the complainant to be in contempt. In *Dorgan v. Granger,* 76 Iowa, 156, it was held, where the action was founded upon evidence given by others, that, if the shorthand notes or a transcription thereof is not filed in the case before the order of commitment is made, the entire proceedings are void. In *Goetz v. Stutsman,* 73 Iowa, 694, it was held that the filing of the shorthand notes when followed by a translation thereof was a sufficient compliance with the statute. Assuming that the shorthand notes in this case constituted a statement of the facts and were a part of the record, yet such statement must, in order to be sufficient for the purposes of the statute, be translated in time for use by this court when there is occasion to use it. We cannot read these notes, and in the form they are certified to us they constitute no such statement of facts as is required to be filed by the statute above quoted. This is practically the holding in *Stale v. Dougherty,* 32 Iowa, 261, and cases heretofore cited. While shorthand notes may for certain purposes be treated as written evidence and as a part of the record, yet they are not such unless translated and certified so as to be available for use in this court when the contents thereof become material. This is the rule which prevails in other cases, and surely no more liberal one should be established in construing the statute relating to procedure in contempt cases. See *Hammond v. Wolfe,* 78 Iowa, 227.

It follows that the order adjudging the complainant guilty of contempt and committing him to jail is void, and it is *annulled*.