M. L. HATLESTAD, Complainant, v. THE HARDIN COUNTY DISTRICT COURT, and W. D. EVANS, Judge, Respondent.

Certiorari: CONCLUSIVENESS OF RETURN. The return in certiorari
1   proceedings will be accepted as correct in the absence of proper attack, and affidavits cannot be received to attack the respondent's return and the records in the case.

Contempt: FILING AND PRESERVATION OF EVIDENCE. Where contempt
2   proceedings grow out of and are instituted in connection with a pending case and by agreement are tried together and submitted upon the same evidence, the filing of the shorthand notes and the translation thereof in the main case is a sufficient filing in the contempt proceedings to satisfy the statute which provides, that where the action of the court for contempt is founded upon the evidence of others the same must be in writing and filed and preserved, even though the proceedings are separately docketed.

Injunction: VIOLATION OF ORDER: CONTEMPT. A temporary manda-
3   tory injunctional order issued by a court having jurisdiction, though erroneous, is not void and must be obeyed until set aside or reversed. Evidence in the instant case is held to show intentional violation of the injunction rendering complainant guilty of contempt.

*Certiorari to Hardin District Court.*— HON. W. D. EVANS, Judge.

TUESDAY, JANUARY 21, 1908.

THIS is an original proceeding in *certiorari* to test the validity of an order and judgment finding complainant guilty of contempt in violating an injunctional order issued against him in a case of *Plummer v. Hatlestad et al.,* 132 Iowa, 188, in the Hardin county district court.— *Dismissed.*

*Ward & Williams,* for complainant.

*C. L. Hays,* for respondents.

DEEMER, J.— Complainant contends that the trial court was without jurisdiction of the contempt proceedings, and acted illegally in adjudging him guilty of contempt for the reasons (a) that no case for contempt was ever docketed or tried; (b) that the evidence upon which the court acted was not taken in writing, filed and preserved as provided by law; and (c) that there was no testimony in the case showing a violation of the injunctional order.

The return made by respondent, which must be accepted as correct in the absence of proper attack, shows that in a civil case known as *Plummer v. Hatlestad et al.,* in the Hardin county district court, a temporary writ of injunction was issued restraining defendants therein " from further discriminating against him as a user and subscriber of the lines of the defendant company, and from further failing to furnish plaintiff as such user and subscriber equal facilities with other subscribers and users thereof, and from failing and refusing to furnish plaintiff telephone service as a subscriber with fidelity and without unreasonable delay, and from further failing and refusing to furnish him with adequate service as a telephone company until the further order of our said district court in the premises." This order was issued and served May 12, 1906. Thereafter and on May 24, 1906,

1. CERTIORARI: conclusiveness of return.

upon a showing made to the trial judge that this order had been violated by the complainant (Hatlestad) a precept was issued commanding him to appear and show cause why he should not be punished for contempt in violating the injunction. Complainant appeared and filed an affidavit to the effect that he had not violated the order, and also a motion to dissolve the temporary writ of injunction. Partial hearing was had before Judge Richard of the Hardin county district court, and the entire matter was then transferred by agreement to the court in term time. When the court convened for its October session there was pending the main case, the motion to dissolve having been overruled by Judge Richard, and the contempt proceedings, and it is claimed by respondent that all these matters were by agreement submitted together, resulting in an order denying a permanent decree, because unnecessary, and a finding that complainant was guilty of the contempt charged. This order and decree was entered November 15, 1906. The return made by respondent shows that the evidence in the injunction and contempt cases was taken at the same time, and by agreement; that the two cases were submitted on the same evidence, and were to be decided in vacation. True, complainant has filed affidavits to the effect that no such stipulation was made; but these cannot be received to contradict the respondent's return, and the records in the case. The shorthand notes of the testimony so taken were filed with the clerk in proper season, and on December 17, 1906, were withdrawn by complainant's counsel for the purpose of having a translation made thereof, and on May 15, 1907, a translation of these notes was filed in the clerk's office.

It is now contended that there never was any case of contempt docketed against the complainant, that neither the

2. CONTEMPT: filing and preservation of evidence.

shorthand notes nor any translation thereof was ever filed in the contempt proceedings, and that the trial court was in error in adjudging complainant guilty under these circumstances. Section

4466 of the Code provides that, "where the action of the court [for contempt] is founded upon evidence given by others, such evidence must be in writing and filed and preserved." As complainant was brought before the court upon a precept issued upon a showing made in the main case, there was no real necessity of docketing another case against him, save, perhaps, for the purpose of identifying the records and proceedings and the findings therein. The contempt proceedings were simply an incident to the main case, and whether or not a new case was docketed against complainant is immaterial, save for purposes of identification as above stated. But whether this be true or not complainant in his petition admits that a contempt case was docketed and proceedings had therein. The point now relied upon, as we understand it, is that neither the shorthand notes nor the translation thereof was filed in the contempt proceedings as required by section 4466 of the Code. Looking to the proceedings had upon the trial, and to the agreement made by counsel with reference to the hearing of the matters at issue, it would seem that the filing of the shorthand notes in either case, when they were tried together, would be a filing in each, and that the translation when made for either case and filed became a translation of the notes for both. Any other rule would be extremely technical and unwarranted by the statute already quoted. The shorthand notes were written evidence, within the meaning of the statute. *Lutz v. Aylesworth,* 66 Iowa, 629. They were properly filed in one case which was tried with another by agreement, and thereafter and within any time which rendered consideration thereof necessary were translated, transcribed, and the translation filed. It is not regarded as material that they were filed in the case of *Plummer v. Hatlestad et al.* rather than in *State ex rel. Plummer v. Hatlestad,* for in view of the entire record it seems that the two cases were tried together and decided at one and the same time. The return made by defendant to the writ in this case sets forth

the testimony upon which he acted and certifies that it was made of record.   This is conclusive upon that matter.   *Lutz v. Aylesworth, supra.*   That case holds such authentication to be sufficient.

The separate docketing of the cases was only required for purposes of identification of the papers and proceedings, but the facts may be shown by the return made to the writ by the respondent.   In *Manderscheid v. Dist. Court,* 69 Iowa, 240, it is expressly held that there is no occasion for docketing a separate contempt case against one charged with the violation of an injunctional order.   It was against judicial authority, exercised in the original injunction case, that the alleged acts of contempt were committed, and there was no real occasion for docketing a separate case in the name of the State.   *Jordan v. Circuit Court,* 69 Iowa, 177. We think the shorthand notes were properly filed and preserved, and that these constituted the written evidence referred to in the statute quoted.   Of course, in order to be available to any one aside from those who can read shorthand, they had to be transcribed.   This it seems was done in ample time for submission of the matter to this court, and the translation was properly filed, although in the case entitled *Plummer v. Hatlestad et al.,* being the original action for the injunction.   But it is argued that as complainant made and filed the translation himself the rule above announced does not apply.   This, however, cannot be true. There is no necessity for two copies of the translation, when one alone will suffice, and it is immaterial for present purposes as to who secures the translation.   *State v. District Court,* 133 Iowa, 450, and other like cases relied upon by complainant are not in point, for in none of them were either the shorthand notes or a translation thereof filed within proper time, and in one the contempt proceedings were entirely distinct from the main case.   What is said in *State v. Dist. Court, supra,* supports our conclusion in this case.

II.   Finally, it is argued that there was not sufficient

testimony to support the order finding complainant guilty
of the contempt charged.   We shall not, of course, set out

3. INJUNCTION: the testimony at any length.   One contention
violation of
order: con-  in this connection is that complainant might
tempt.       violate the mandatory part of the injunctional
order with impunity, for the reason that it was improvidently
granted.   The precise point here is that a temporary man-
datory injunctional order is unauthorized and void, and may
be disregarded.   But this is not the rule which prevails in
Iowa.   Such an order, although perhaps erroneous, is not
void, and proper respect for the authority of courts requires
the adoption of another rule.   The order was with juris-
diction, and until set aside on motion, or reversed on appeal,
or by other proper proceedings, must be respected.   See, as
sustaining this rule, *State v. Baldwin,* 57 Iowa, 266; *Wise
v. Chaney,* 67 Iowa, 73; *Lake v. Wolf,* 108 Iowa, 184.   But
were this not true, there is enough in the record to justify
a finding that complainant intentionally and of purpose
violated the restraining part of the order, and for this rea-
son was properly adjudged guilty of contempt.   It appears
that complainant refused to give Plummer telephonic service
at various times, unless he would apologize, and told his
employés not to give him service.   When he found they
were doing so, he ordered them to desist.   He refused,
through his employés, to make proper switch connections for
Plummer, although giving them to others, and thus violated
the terms of the writ.   There is no error in the contempt
proceedings, and the petition must be dismissed, and the
writ of *certiorari* dissolved.— *Dismissed.*