Nick Ciccio, Petitioner, v. Hubert Utterback, Judge, Respondent.

March 6, 1928.

*E. S. Thayer,* for petitioner.

*Carl S. Missildine,* for respondent.

Evans, J.—The petitioner was cited for contempt for an alleged violation of a liquor-injunction decree. He was found guilty, and judgment was imposed. The validity of the judg-  ment is challenged on two principal grounds: (1) That no decree of injunction had ever been issued against the petitioner prior to such cita- tion for contempt; (2) that the court entered a decree purporting to be based upon evidence heard by the court, whereas none of such evidence or transcript thereof was filed or preserved in any manner. We have no argument for the State. The record before us sustains the grounds of chal- lenge, without any doubt. It does appear from the record that the district court later amended its record, so as to show that the decree challenged by the petitioner was entered upon a plea of guilty. The writ of certiorari in this case was served on

 December 3, 1925. The purported amendment of the record was made in April, 1926, without notice, consent, or knowledge of the defendant or of his counsel. It is for that reason challenged by the petitioner as of no force and effect. This challenge also must be sustained. Section 12547, Code of 1924; *State v. District Court*, 124 Iowa 187; *State ex rel. Aldrich v. District Court*, 133 Iowa 450; *Sergio v. Utterback*, 202 Iowa 713.

The writ issued herein is, accordingly, sustained, and the judgment below annulled.—*Reversed.*

STEVENS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.