| 62 | 321 |
| 78 | 640 |
| 62 | 321 |
| 93 | 388 |

</div>

---

<div align="center">ROYER v. ·FOSTER.</div>

1. **Original Notice:** SERVICE BY PUBLICATION: AUTHORITY OF CLERK TO ORDER. Under the laws in force in September, 1857, the clerk of the district court had no authority to order the publication of an original notice in a foreclosure proceeding, upon the return of the sheriff, "not found," and such notice gave the court no jurisdiction of the defendant, and the proceedings based thereon were void, and did not serve to convey the defendant's title to the mortgaged premises to the purchaser at the foreclosure sale.

2. **Vendor and Vendee:** PURCHASE OF SUPERIOR TITLE BY VENDEE: RIGHTS AGAINST VENDOR ON COVENANTS OF WARRANTY. Where one takes a deed with covenants of warranty, but his title proves worthless, he may yield to and acquire the superior title, and, having done so, he may resort to the covenants of warranty for the recovery of the amount expended, not exceeding the amount, with interest, paid the warrantor. The vendee cannot, in such case, be compelled to pursue equities to which he might be subrogated, for the purpose of making himself whole.

3. **Bill of Exceptions:** ENTERING UPON THE APPEARANCE DOCKET. The provision in section 200 of the Code, that no pleading shall be considered as filed until the required memorandum is made upon the appearance docket, does not apply to a bill of exceptions.

4. **Reporter's Notes:** PRESUMPTION IN FAVOR OF. Where the trial judge certified on a certain date that the attached reporter's notes contained all the evidence introduced or offered, and judgment was not rendered until some months afterward, it will not be presumed, in the absence of a showing, that any other evidence was offered after the certificate was made.

*Appeal from Polk Circuit Court.*

SATURDAY, DECEMBER 8.

THE plaintiff claims of the defendant $400 on account of an alleged breach of the covenants of seizin and warranty in a deed conveying eighty acres of land. The cause was tried to the court, and judgment was rendered for the defendant. The plaintiff appeals. The facts are stated in the opinion.

*Nourse & Kauffman,* for appellant.

*Barcroft, Bowen & Sickmon* and *Brown & Dudley,* for appellee.

DAY, CH. J.—I. The material facts of the case are as follows: In July, 1856, one J. W. Baird, being the owner of two hundred and eighty acres of land, including the eighty acres involved in this controversy, executed a mortgage thereon to one M. Moore, to secure the payment of $1,300. Thereafter foreclosure proceedings were instituted in the Dallas district court, and on the 20th day of October, 1857, judgment of foreclosure was entered by default. In the foreclosure proceeding, an original notice was issued in the usual form, directed to J. W. Baird, and was, on the 7th day of September, 1857, returned "not found," whereupon the clerk of the court ordered that the notice be published in the *Independent Press* for four weeks, which was done. Upon this notice default was entered, and judgment was rendered. Under this

foreclosure proceeding the land was sold, and was purchased by Moore, the judgment creditor, to whom a sheriff's deed was executed January 3d, 1859. Afterward Moore mortgaged said premises to Peter W. Field, and, under foreclosure proceedings and sale thereon, a sheriff's deed therefor was executed to said Field on the 11th day of June, 1860, who thereafter deeded said premises to the defendant, Jere P. Foster.

On the 3d day of August, 1868, Foster and wife conveyed, with the usual covenants of seizin and warranty, one hundred and twenty acres of said land to one E. F. Frush, for the consideration of $600, and on the 25th day of November, 1871, E. F. Frush and wife, for the consideration of $700, conveyed, with the usual covenants of seizin and warranty, eighty acres of said land to the plaintiff.

On the 5th day of February, 1878, J. W. Baird and wife, for the consideration of $50, without warranty, conveyed the land in controversy to one C. A. Anthony, who thereupon took possession of the land, which was unimproved open prairie, and commenced fencing and breaking the same.

On the 26th day of July, 1880, Anthony and wife, for the expressed consideration of $600, conveyed to plaintiff the eighty acres of land now in controversy.

The agreement of purchase between Royer and Anthony was as follows: "Whereas Jacob Royer has this day purchased of C. A. Anthony, and received of him a deed for, the following real estate, to wit:    *    *    *    * , for the consideration of six hundred dollars, and whereas said Royer desires time to pay said consideration, and whereas said Royer has a claim against J. P. Foster, (who conveyed said land to one E. F. Frush, by warranty deed, and by said Frush to him conveyed, by warranty deed, the title to which has wholly failed,) for the sum of four hundred dollars, with six per cent interest from the 3d day of August, 1868, as damages for the breach of the covenants of warranty of the said Foster; now, therefore, said Royer agrees to pay said

Anthony, out of the proceeds of said claim, when collected of and paid by said Foster, the said six hundred dollars, with six per cent interest from this date."

At the time of the execution of this agreement, there was pending in the federal court an action of right, relating to the eighty acres of land in question, in which Royer was plaintiff and Anthony and others were defendants. J. W. Baird removed to Indiana, March 1, 1859, and has ever since continued a resident of that state.

From the foregoing statement of facts, it appears that the plaintiff's title is derived through the foreclosure proceeding instituted by Moore against Baird, in which the order for publication was made by the clerk. The clerk had no authority to make the order of publication; no jurisdiction over the matter then in controversy was thereby acquired; and the foreclosure proceedings were void. See *Robertson v. Young*, 10 Iowa, 291; *Abell v. Cross*, 17 Id., 171; *Bardsley v. Hines*, 33 Id., 157.

1. ORIGINAL notice : service by publication: authority of clerk to order.

It follows that the plaintiff, through the conveyance to him, did not acquire the title of Baird, and that the covenants of warranty have been broken. Anthony acquired the superior title of Baird, and asserted it by taking the possession of the land. The plaintiff had a right to yield to and acquire this superior title, and, having done so, he may resort to the covenants of warranty for the recovery of the amount expended, not exceeding the consideration money, and interest, received by Foster. We see nothing in the agreement between the plaintiff and Anthony which should defeat the plaintiff's recovery.

2. VENDOR and vendee : purchase of superior title by vendee : rights against vendor on covenants.

It is insisted that the plaintiff, through the conveyance to him, became subrogated to the rights of the mortgagee, Moore, and that he may proceed to foreclose the mortgage, and thus protect his title. But the plaintiff purchased a legal title, and he cannot now be put off with a mere equity. Besides, it seems that the right to foreclose the mortgage is now

Royer v. Foster.

fully barred by the statutes of Indiana, where the mortgagor, Baird, has continuously resided since March 1, 1859. In our opinion, the court erred in finding for defendant.

II. It is claimed there is no bill of exceptions in the case, because the filing of what purports to be the bill of exceptions was not entered on the appearance docket, as provided in section 200 of the Code. This section, in so far as it provides that no pleading of any description shall be considered as filed in the cause until the required memorandum is made, does not apply to a bill of exceptions. It is further insisted that the reporter's notes were marked filed, March 28, 1882, and that the trial was not completed and the judgment rendered until October 11, 1882, and that there is nothing to show as to what evidence was introduced between those dates. A certificate of the judge is attached to the reporter's notes, stating that they contain all the evidence introduced or offered in the cause. There is no presumption that evidence was introduced after the signing of such certificate. If such be the fact, it is incumbent upon the appellee to show it.

3. BILL of exceptions: entering on appearance docket.

4. REPORTER's notes: presumption in favor of.

III. It is claimed that the assignments of error are not sufficiently specific or definite to raise any question for our consideration. We regard the assignments as sufficiently specific to raise the question of the correctness of the judgment upon the evidence introduced. The judgment is

REVERSED.