Foster v. Hinsen.

---

FOSTER *et al.* v. HINSEN *et al.*

1. **Practice**: EVIDENCE: FACTS KNOWN TO JUDGE. It would *seem* that in passing upon a motion to strike a bill of exceptions from the files, the court may consider facts known to himself and stated at the hearing, as well as affidavits filed in the case.

2. ——— : FILING PAPERS : WHAT ESSENTIAL. Where a bill of exceptions was left with the judge to be corrected, signed and filed by him, and he handed it to the clerk to be filed, *held* that it was filed in contemplation of law, even though the clerk failed to indorse it as filed and to make a note of it in the appearance docket. (Compare *Royer v. Foster*, 62 Iowa, 321, and *State v. Briggs*, 68 Iowa, 416).

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

FILED, OCTOBER 2, 1888.

APPEAL from an order of the court overruling· a motion filed by the plaintiffs to strike a bill of exceptions from the files.

*John C. Power*, for appellants.

*C. L. Poor*, for appellees.

SEEVERS, C. J.—The facts are that on the eighteenth day of March, 1887, the court made certain rulings, to which defendants orally excepted. Counsel for the plaintiffs had knowledge of such exception. The bill of exceptions was afterwards prepared and submitted to counsel for the plaintiffs, who made some objections to the bill, and, after hearing counsel on both sides in relation thereto, the judge took the paper, and said he would make such alterations as he thought right, sign, and have it filed. The judge did sign the bill of exceptions within thirty days afterwards, and handed it to the clerk. It was not then marked "Filed" by the clerk. Afterwards the bill of exceptions, and other papers in the case, were taken from the clerk's office for the purpose of preparing an abstract for an appeal to this court. Afterwards counsel for the appellants made application to counsel for the defendants for said papers, for the purpose of preparing an additional abstract, and the same, with exception of this particular bill of exceptions, were handed to him. There was no design in this, but the bill of exceptions was not so delivered by mistake. It was then discovered that it had not been marked "Filed." This was in September, 1887. Counsel for appellants made inquiry at the clerk's office for the bill of exceptions, and was unable to find it; nor was he able to obtain any knowledge that it had ever been signed by the judge; and it is a fact that he did not know that it had been so signed. Afterwards the bill of exceptions was taken to the clerk's office by counsel for the defendants, and the same was marked "filed" by the clerk as of the date of April 9, 1887, and a proper entry of such filing made on the appearance docket, and certain other entries made therein, or entries that had been made changed so as to make the same consistent with the one in relation to filing the bill of exceptions. The appellants made a motion to strike such bill from the files,

Foster v. Hinsen.

which was overruled, and the judge stated in the order overruling the motion that he did so upon facts "made to appear, as well by the statement of the judge on the hearing of the motion as by affidavits on file."

We are required to determine whether the court erred in overruling the motion. The facts known to 1. PRACTICE: the judge, and upon which he based, in evidence: facts known to part at least, his ruling, are not contained judge. in the record, and that such knowledge might possibly have an important bearing on the question to be determined it may be readily conceived. Error must affirmatively appear, and it may be that it was incumbent on the appellants to have embodied in the record the statement of the judge made at the hearing. But waiving this question, for the reason that it is not expressly and in words made by counsel for the defendants, we are required, we think, to presume that the judge left the bill of exceptions with the clerk, to be filed by him, and kept in his office as a 2. ——: filing papers: what paper or record in the case to which it essential. belonged. It was not essential, nor is it required, that such a paper should be entered in or a note made of it in the appearance docket. *Royer v. Foster*, 62 Iowa, 321. As the bill of exceptions was placed in the clerk's office, to be filed and kept therein, it was filed as contemplated in the statute. Code, sec. 2831. The failure of the clerk to properly indorse the fact that it had been filed, on the bill of exceptions, should not prejudice the defendants. Nor was it essential that it should be so indorsed. Such an indorsement is mere evidence of the filing. See *State v. Briggs*, 68 Iowa, 416. The subsequent removal from the clerk's office for a proper purpose is immaterial. The order of the district court must be

AFFIRMED.