IN RE ESTATE OF CLEMENS BRUNING, Deceased.

SALINGER & KORTE v. WILLIAM ARTS *et al.*, Appellants.

Estates of Decedents: PRACTICE: REPORTER'S NOTES. Neither
1    the certificate of the reporter's notes, as made by the trial
     judge and reporter, nor its date as appears therefrom, nor the
     date at which the notes are filed with the clerk, as shown by
     the filing, can be impeached by affidavits filed in the appellate
     court.

Practice: FILING OF REPORTER'S NOTES. Where the reporter's notes
.2    · are duly filed with the clerk, the evidence is properly preserved
     whether the same is formally marked filed or not.

Estates: ATTORNEY'S FEES. Where a claim for attorney's fees was
3    based upon a contract with the executor for compensation
     from the estate, which the court · refused to enforce, it was
     error to enter judgment against the heirs, in the absence of
     any allegations of fact showing their liability. ·

Probate Jurisdiction. A probate court has no jurisdiction to de-
4    termine the liability of heirs for services rendered the estate
·    by attorneys for an executor.

*Appeal from Carroll District Court.*—HON. S. M. ELWOOD,
Judge.

TUESDAY, OCTOBER 13, 1903.

THE defendant Arts is the executor of the estate of
Clemens Bruning, deceased, and the other defendants are
the heirs and legatees of said Bruning. November 15,
1899, Arts, as executor, entered into a . written contract ·
with the plaintiffs, whereby he employed them as at-
torneys for the settlement of the estate of Bruning, and
agreed that a retainer's fee for such service should be
fixed by the court. On the 9th day of February, 1900,
without notice to the executor or heirs, the court fixed this
fee at $500. April 10, 1901, the plaintiffs applied for an
order of court compelling the executor to pay the said re-
tainer's fee, and notice of said application was duly given.

The defendants thereupon resisted the application, and asked that the order of allowance be set aside for want of jurisdiction, and for the further reason that the executor had no authority to make the contract, and, further, that the order of allowance was procured by fraud. The plaintiffs answered the allegations in resistance to their applications, admitting that the order fixing the retainer's fee was made without notice to the defendants, but stating that the defendants authorized Arts to make the contract, and that they and Arts were estopped from denying his authority to make the same. They alleged they had suffered damages in the sum of $2,000 by reason of a breach of the contract, and prayed for an allowance of that sum in addition to the retainer's fee against the estate, or against Arts individually if the estate was found not liable. In an amendment to their answer the plaintiffs pray that, if it shall be found that the order should be vacated, and that Arts was authorized by his co-defendants to make the contract, the court determine the amount to which the plaintiffs are entitled, and order the same paid from the estate. In a later amendment the plaintiffs pray that, if the original order be vacated, they have a personal judgment against Arts and his co-defendants for the sum of $1,300. There was a trial by the court, and a judgment denying the application of the plaintiffs for an order directing the executor to pay them the $500 retainer's fee, and setting aside the order making such allowance. The judgment also denied a recovery against Arts individually or as executor, but the plaintiffs were given a personal judgment of $1,300 against the other defendants, and they appeal.—*Reversed.*

*Lee & Robb* for appellants.

*Salinger & Korte* for appellees.

Sherwin, J.—The plaintiffs filed a motion to strike the evidence presented by the appellant's abstract because the

same was not preserved by a proper bill of exceptions, the *point* being that the shorthand notes of the evidence were not duly certified and filed as required by statute in law cases. This motion was submitted with the case, and we shall first determine it. The case was finally submitted on the 4th day of October, 1901, though judgment was not entered until some time thereafter. The reporter's notes were certified by the trial judge and by the reporter on the day of the submission, as shown by the certificate. This certificate and the date thereof cannot be impeached by affidavit filed in this court. *Barber v. Scott*, 92 Iowa, 52. We must therefore find that the certificate was made on the 4th day of October, 1901, the day on which the case was finally submitted. The reporter's notes, as they now appear, bear a filing mark of date June 20, 1902, but it is claimed by the appellants that they were in fact left with the clerk for filing on the 5th day of October, 1901, and this claim they seek to establish by affidavits filed in this court. The same rule which applies to the date of the certificate is applicable to this point, and we cannot consider the affidavits as to the date of actual deposit with the clerk for filing.

But in their third amendment to the abstract the appellees concede that the shorthand notes were filed at the close of the trial, but say that they were not then certified. As has already been said, they were certified on the 4th day of October, 1901, the day on which the trial was closed, and, it being conceded that they were immediately filed with the clerk, the evidence was properly preserved, whether formerly marke l filed or not, and the motion to strike the same is overruled. *Foster et al. v. Hinsen et al*, 75 Iowa, 291.

The motion to strike the appellants' argument on the motion to strike the evidence because not filed in time was also submitted with the case, and is overruled.

*Margin notes: 1. PRACTICE: reporter's notes. 2. PRACTICE: filing of reporter's notes.*

On the merits of the case no argument seems necessary to demonstrate that the judgment against the heirs is radically wrong.    A mere statement of the issues tendered by the plaintiffs seems to settle this point.beyond all controversy.    No facts are alleged which would make them liable.    There is nowhere in the entire pleadings any thing more than a mere prayer for judgment against them, and it is well settled that a prayer for relief cannot take the place of a statement of facts.    *Casady v. Woodbury County*, 13 Iowa, 113; *Knows v. Mowery*, 57 Iowa, 20; *Hines v. Horner*, 86 Iowa, 594; 16 Enc. Pldg. & Prac. 779, and cases cited.    It is claimed, however, that the case was tried on the theory that a case against the heirs was in fact presented by the pleadings. The record, however, does not sustain this contention, for it clearly shows that the appellants by timely objections and by motions to strike testimony bearing upon this issue sought to eliminate the question, and to confine the issue to the facts pleaded.  · Furthermore, there is no warrant in the evidence for a personal judgment against the defendants.    The appellees based their claim upon a written contract made with the executor, whereby he undertook to compensate them from the funds of the estate.    This the court refused to enforce, and when it did so, and vacated its former order, it was an end of the case as it then stood, and the heirs were not personally liable.

3. ESTATES: attorney's fees.

Nor do we think the court sitting in probate had·jurisdiction to try and determine the individual liability of the heirs.    Such an action would be entirely foreign to any matter properly arising relative to the estate and the parties would be entitled to a trial to a jury, as in any other law action.  See *Prouty v. Matheson*, 107 Iowa, 259, and cases therein cited.  This objection does not seem to have been urged below, however, and may be passed without further comment.

4. PROBATE jurisdiction.

For the reasons pointed out, the judgment is REVERSED.