NELLIE MAUD STORIE, Executrix, Petitioner, v. DISTRICT COURT OF LUCAS COUNTY et al., Respondents.

EXECUTORS AND ADMINISTRATORS: Claims—Equitable Excuse
1  for Belated Filing—Non-jurisdictional Findings by Court. The probate court has no jurisdiction, on an *ex parte* hearing, to find and order that a belated claimant against an estate has an equi-

table excuse for not having filed the claim until long after the year for filing claims has expired, and that the executor is estopped to question such belated filing.

**CERTIORARI:** Return—Unallowable Amendment. On certiorari to 2 test the jurisdiction of the district court to enter certain *ex parte* orders, the return may not be amended by a recital by the responding judge of non-record matters and his conclusions as to what took place at the hearing.

Headnote 1: 24 C. J. pp. 367, 368. Headnote 2: 11 C. J. p. 181.

Headnote 1: 11 R. C. L. 278. Headnote 2: 5 R. C. L. 264.

*Certiorari to Lucas District Court.*—E. S. WELLS, Judge.

NOVEMBER 15, 1927.

Original action in certiorari, to test the jurisdiction of the district court of Iowa in and for Lucas County in making an order as to the filing of a claim in an estate.—*Writ sustained.*

*Crissman & Linville, G. P. Linville,* and *R. S. Milner,* for petitioner.

*W. W. Bulman,* for respondents.

ALBERT, J.—I. On the 8th day of July, 1925, Nellie Maud Storie was appointed executrix of the estate of D. Q. Storie, Jr. Statutory notice was given on the same day to all persons having claims against the estate, to file the same as provided by law. The year having passed, the claim in question was not filed; but, on January 15, 1927, claimant Ed S. Anderson filed in said court an application or petition alleging that he was the owner of an unpaid claim against the said estate, growing out of an automobile accident, setting up certain matters as equitable excuse for not having filed his claim within the statutory time; and asking an order of court holding that the grounds alleged were equitably within the meaning of the statute, and that he be permitted to then file his claim. The matter was taken up before the court, and a record entry made on the same day. The court found for

1. EXECUTORS AND ADMINISTRATORS: claims: equitable excuse for belated filing: non-jurisdictional findings by court.

claimant, holding that all of the allegations of his petition and application were true, and that the facts entitled him to equitable relief; and he was allowed to file his claim as a claim of the fourth class, to have the same force and effect as if filed within the one-year period; and the executrix was held to be estopped to claim that the said claim of said Ed S. Anderson was not filed within the said one-year period. Following this, Ed S. Anderson filed his claim against said estate, and on January 17, 1927, due notice was served of said claim. On March 28, 1927, the executrix filed a denial of the claim, and pleaded that the same had not been filed within one year from the time of her giving notice, as required by law, and that the said claim was therefore barred, and that no equitable grounds were set up in the claim.

It is to be noticed that, so far, the record in the case, as shown by the return of the respondent herein, at no point shows that, on the first application to hold the grounds alleged to be

2. CERTIORARI: return: unallowable amendment.

equitable, there was any notice given to the executrix or her attorney, nor does it show that they, or either of them, appeared at said hearing. Certiorari proceedings were instituted in this court, questioning the jurisdiction of the respondent to make the order above referred to, and after the writ was issued from this court, and the respondent had made his return thereto, he later filed what is denominated an "Additional Abstract of Amendment to Certified Record and of Certified Facts and Answer of Respondent.". In this latter filing, the respondent recites:

"One Penick, attorney at law, had at all times been attorney of record for the executrix since the administration began, and was such attorney at the time of the hearing and ruling complained of in this action, and still is such attorney, and did in fact act as such attorney at the time of the hearing and ruling complained of in this action, and is still acting as such attorney for the executrix of said estate."

Later, he recites that:

"At the time of the hearing and ruling complained of in this action, W. W. Bulman, attorney for claimant Ed S. Anderson in this action, called up the matter of the application and showing for extension of time to file the Ed S. Anderson claim, in regular order and in open court, and in the presence of said

attorney for said executrix and said estate; that J. A. Penick was present at said hearing, represented and did all acts as attorney for said estate and said executrix, by statements and by acts in said hearing in every way, as observed by the court, represented as attorney the said executrix and said estate.''

Under the original return filed herein, there was no showing whatever that either the executrix or her attorney was present in court or participated in that hearing. It is evident, therefore, that the same was wholly *ex parte*. It is sought by this additional abstract or amendment returned,—if it be so considered,—to supply these jurisdictional facts; and at this point in the proceedings we are met with a motion to strike this additional abstract or amendment to the return. By reference to this amendment to the return it is discovered that the same does not purport to be a transcript or copy of the record in the case, or a certificate of any record therein, but is a statement of the court, over his signature, as to what occurred in court; and when we study this additional certification by the court, we find that the only material part thereof consists of conclusions, and not statements of fact. For instance, in the first part thereof is a statement that ''one Penick * * * did in fact act as such attorney at the time of the hearing and ruling complained of in this action.'' This is not a statement of fact, but is a conclusion. It is further stated therein that:

''Penick represented and did all acts as attorney for said estate and said executrix, by statements and by acts in said hearing in every way observed by the court, represented as attorney said executrix and said estate.''

This is also a conclusion, and not a statement of fact. Aside from this, whatever is contained in the additional certification is reiterative of what is contained in the original record. We conclude, therefore, that the motion to strike the additional abstract and amended return should be, and is hereby, sustained.

II.   Just why this proceeding was instituted as it was, by the filing of an application for permission to file a claim, is a matter we do not quite comprehend. When a claimant has a claim of this kind, he has the right, in making up his claim, if he so elects, to set up the peculiar circumstances which he claims entitle him to an equitable excuse to avoid the statute of

non-claim, and thereupon it becomes a fact question as to whether or not the particular facts which he sets up as an equitable excuse do exist, and secondly, whether they are such facts as, under the law, will excuse him for not having filed his claim earlier. The petitioner is entitled to meet the issue thus raised, and have it determined in some regular proceeding; and a proceeding like the present, which attempts, in an *ex parte* way, to foreclose these questions, is wholly without jurisdiction, and not binding on the estate. The district court, therefore, had no jurisdiction to enter the order allowing this claim to be filed, and especially binding the executrix and estopping her from questioning the time of the filing of the same.

That the record as shown by the return is conclusive is held in *Cooley v. Ayres,* 180 Iowa 740, and *Hatlestad v. Hardin County Dist. Court,* 137 Iowa 146. That the petitioner had the right to institute certiorari herein is settled in *Young v. Preston,* 131 Iowa 292; *Haddick v. District Court,* 160 Iowa 487.—*Writ sustained.*

EVANS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.