DAVID HALE, Appellant, v. H. C. RING, Appellee.

No. 41235.

DECEMBER 13, 1932.

David Hale, in propria persona, for appellant.

EVANS, J.—It appears from the return of the respondent that the petitioner,.David Hale, on February 21, 1928, was duly sentenced to the penitentiary at Fort Madison for a term not exceeding five years. Such sentence was imposed by Judge Clark of the Linn District Court. On the same day the same judge entered an order suspending the sentence until the "further order of the court."

On February 4, 1931, the petitioner, David Hale, entered a plea of guilty to a charge of desertion of his minor children,—seven in number and all under fifteen years of age. Upon such plea the district court of Linn County, the respondent herein presiding, entered judgment committing the petitioner to the penitentiary at Fort Madison for the period of one year, the same to run concurrently with the former sentence. On the same day the same judge (respondent herein) revoked the suspension of sentence which had been awarded the petitioner on February 21, 1928, and ordered that the petitioner be committed under such sentence.

The return of the respondent herein discloses no illegality or irregularity in the proceedings above described. The petitioner averred that he entered a plea of guilty to the charge of desertion pursuant to negotiations between himself and the county attorney whereby the earlier sentence for grand larceny should be unconditionally suspended; that he was not present in court when the sentence for child desertion was imposed upon him; and that such sentence was so imposed in his absence and without his knowledge and without knowledge on his part that the suspension of the first sentence had been revoked. These alleged facts are stated by the petitioner in his brief. They have no support in the record. No attack is made upon the return of the respondent nor upon the sufficiency or the veracity thereof. The petitioner may not ignore the record as it is made. Nor may he predicate error or illegality upon mere assertions set forth in his brief. We must hold that the record discloses none of the illegalities asserted in the petitioner's brief.

The proceeding is accordingly dismissed and the writ discharged.—Affirmed.

STEVENS, C. J., and ALBERT, KINDIG, WAGNER, and MITCHELL, JJ., concur.