DONALD JONES, Petitioner, v. HONORABLE HAROLD LEVIS, Judge, Respondent.

No. 47295.

(Reported in 35 N. W. 2d 891)

FEBRUARY 8, 1949.

SUPPLEMENTAL OPINION AND REHEARING DENIED APRIL 8, 1949.

John Connolly, Jr. and George E. O'Malley, both of Des Moines, for petitioner.

Clyde E. Jones and R. E. White, both of Ottumwa, for respondent.

HAYS, J.—On April 9, 1948, John Morrell & Company, Ottumwa, Iowa, filed in the Wapello District Court a petition in equity (case No. 20697), in which the United Packing House Workers of America, Local Union No. 1, all of its officers and more than three hundred of its members, including Donald Jones, petitioner herein, were named as defendants. The petition prayed for an injunction, both temporary and permanent, enjoining the defendants from the commission of certain designated acts.

Upon presentation to the court on April 9, 1948, and without notice, an order for the issuance of a temporary injunction was entered by Judge Harold V. Levis. On the same date a writ of temporary injunction was issued and served upon Donald Jones. The writ enjoined defendants, among other things, from "Interference with any employee of John Morrell & Company in Ottumwa, Wapello County, Iowa, and who seek to enter and/or leave said plant of said company, excepting only the use of peaceful persuasion * * *" and from "Any and all acts of violence of any nature, kind or character toward any employee of the said John Morrell & Company in its Ottumwa, Iowa, plant * * *."

On April 15, 1948, an application for citation was filed by said company alleging that Donald Jones had violated the provisions of the temporary injunction, above set forth, and asking that said Donald Jones be required to show cause why he should not be punished for contempt. The citation was served on Jones on April 16, 1948, the hearing set for April 21, 1948.

The hearing was held on April 26, 1948, and the matter

taken under advisement by the court. On April 28, 1948, the court entered a memorandum opinion and judgment in which it found that Donald Jones had violated the terms of the injunction by engaging in acts of violence toward some of the company employees. It held him to be in contempt and ordered that he be committed to jail for a period of sixty days.

A writ of certiorari, directed to Harold V. Levis, Judge, was issued from this court on May 11, 1948, and requiring a return by July 3, 1948, which return was made on the "—— day of June, 1948."

Petitioner in a statement of errors and points relied upon to sustain the writ submits three propositions: (1) The trial court was without jurisdiction to enter its formal order and judgment (2) the evidence does not sustain the finding and judgment, and (3) the judgment was excessive.

I. It was petitioner's contention that the court was without jurisdiction to enter its formal order and judgment for the reason that all the evidence taken was not fully preserved and filed and made a matter of record *prior* to the filing of said judgment entry.

In support of this proposition is cited section 665.8, Code of 1946. This section is as follows: "Where the action of the court is founded upon evidence given by others, such evidence must be in writing, and be filed and preserved." In construing this statute, it has been established that such evidence in writing must be filed in the clerk's office, as part of the record, *prior* to the pronouncement of judgment. Petitioner also cites five Iowa cases in which the above construction is recognized. In Leonetti v. Utterback, 202 Iowa 923, 924, 211 N. W. 403, we said: "Under the settled rule, the court had no authority to render a judgment for contempt on evidence that was not of record at the time of such entry."

Respondent does not question the above construction of section 665.8, but asserts that such rule is not applicable in the instant case and relies upon the rule announced in Lutz v. Aylesworth, 66 Iowa 629, 24 N. W. 245, to the effect that the certificate and return of respondent to the writ is conclusive upon this question. See also Dermedy v. Jackson, 147 Iowa 620, 125 N. W.

228; Teasdale v. Anderson, 196 Iowa 673, 195 N. W. 231; Gibson v. Hutchinson, Judge, 148 Iowa 139, 126 N. W. 790, Ann. Cas. 1912B 1007; Hatlestad v. Hardin County District Court, 137 Iowa 146, 114 N. W. 628; Hale v. Ring, 215 Iowa 446, 245 N. W. 704; Storie v. District Court, 204 Iowa 847, 216 N. W. 25; Melman Fruit Co. v. Melman, 216 Iowa 45, 245 N. W. 743. This rule is not in conflict with the rule cited by petitioner and the cases relied upon by him, as an examination thereof shows that the evidence was not filed until after the entry of judgment.

In answering the question as it applies to the instant case an examination of the certificate and return of respondent is necessary. The return states in substance: (1) The record contains a full, true and correct transcript of all files (2) it contains a full, true and correct statement of all evidence offered, and (3) that combined Docket No. 138, page 198, showing entries in case No. 20697, fails to correctly state all records filed in the clerk's office in said cause, in that there was omitted therefrom the shorthand notes of the court reporter; that said notes after being duly certified were filed in the office of the clerk of said court at 4:40 p. m. on April 26, 1948, as shown by the clerk's filing stamp, but the entry of such filing was inadvertently omitted from said docket.

On May 6, 1948, petitioner obtained from the clerk of said court a copy of said combined docket, page 198 (which as stated in the return fails to show the filing of the notes), with a certificate in part as follows: "I further certify that said Docket, page 198, shows all papers, records and instruments of any kind filed in said case up to and including the hour and date above set forth *as the same appears of record in my office.*" (Italics added.) Based upon this record and certificate petitioner asserts the invalidity of the judgment entry. There is no merit to this contention.

Not only does the certificate of the clerk, attached to the shorthand notes, which have been certified to this court, state the facts in accordance with the return of respondent, but the certificate under date of May 6, 1948 is not contradictory of the fact of filing. The certificate merely says "as the same appears of record in my office", and there is no provision in section 606.11, Code of 1946, which requires a notation of the filing of

such notes in the docket. See Royer v. Foster, 62 Iowa 321, 17 N. W. 516; Foster v. Hinsen, 75 Iowa 291, 39 N. W. 505; Small v. Wakefield, 84 Iowa 533, 51 N. W. 35; In re Estate of Brunings, 122 Iowa 8, 96 N. W. 780. Furthermore, if a record of the district court is defective, the defect cannot be corrected in this court but only on application for that purpose made to the district court. Barber v. Scott, 92 Iowa 52, 60 N. W. 497. As stated in Melman Fruit Co. v. Melman, supra, at page 49 of 216 Iowa, page 744 of 245 N. W.: "The record here, as certified by the clerk of the district court, discloses a perfect record in the court below. There is therefore no infirmity in the record here. We must accept the record as certified to us by the proper officer." We hold that under the record, as certified, section 665.8 was fully complied with.

II. Petitioner's next alleged error is that the evidence does not sustain the finding and judgment of the trial court. No one disputes the rule that a mere preponderance of the evidence in a contempt proceeding is not sufficient; it must be of a clear, convincing and satisfactory nature. See United Packing House Workers v. Boynton, Judge, 240 Iowa 212, 35 N. W. 2d 881, and authorities therein cited.

There is a sharp dispute in the record concerning petitioner's participation in the affray in question. There is no dispute in the record as to the following facts: Petitioner, together with other members of Packing House Workers of America, Local No. 1, was on strike on April 15, 1948. An injunction prohibiting "any and all acts of violence, etc." had been served on petitioner some days prior thereto. On the morning of April 15, 1948, nine supervisory employees of John Morrell & Company left the plant at seven a. m. in a company car to return to their homes. Shortly after leaving the plant a maroon-colored car pulled out from the curb and followed the company car. It was shortly joined by a blue car which followed at a distance of about half a block. After proceeding across the city of Ottumwa, about five miles distance, the company car stopped at the home of one Wilbank, an occupant of the car, for the purpose of letting him out. One Smith, another occupant of the company car, stepped out to allow Wilbank to alight.

At the time the company car stopped, the blue car stopped somewhat to its left and the maroon somewhat farther away: Three men were in the blue car, one being petitioner. There were six or seven in the maroon car. The occupants of both cars alighted and approached the company car. Almost immediately upon Smith stepping from the car there was a scuffle, and Smith immediately got back into the car and it returned to the plant without unloading any of its passengers. Smith was bruised about the face.

From here on the facts are in sharp dispute. Smith, Wilbank and Gobble, passengers in the company car, state that Donald Jones, who was in the blue car was at the rear door of the company car when Smith stepped down; that they saw Donald Jones strike Smith. Smith states he heard Jones say, as he and the others came to the car, "let's get the sons a bitches." Kling, Hansel, Collins and Schaub, also passengers in the company car, heard the struggle and saw Donald Jones and James Hammersley in the vicinity of the rear door of the car. They did not see the blows struck.

On behalf of petitioner, Jones testified that he was approaching the rear end of the company car when he heard a scuffle but could not see who was involved. He states he did not strike Smith. Bernard Jones, brother of petitioner, states he was out there; that Smith was standing at the rear door of the car and that as he approached him Smith hit him with a flashlight and that he then pushed and struck Smith; that he did not see Donald Jones until after the company car left. James Hammersley states that he and Bernard Jones came around to the rear door of the company car where a man was standing; that he had a flashlight in his hand and struck Bernard Jones; Jones hit back and the man (Smith) got back in the car and it left. Merrill Merchant states that he and Donald Jones approached the rear of the company car just as they heard a scuffle; that the only ones he saw along the right side of the company car were Bernard Jones and Hammersley; that Donald Jones did not strike anyone at that time. They state they followed the company car to talk with the occupants about a back-to-work movement.

While in a contempt hearing the finding of the trial

court is not given the weight attached to a verdict, it is nevertheless entitled to careful consideration. Keenhold v. Dudley, 178 Iowa 526, 159 N. W. 1018; Nies v. Anderson, 179 Iowa 326, 161 N. W. 316; United Packing House Workers v. Boynton, supra.

In examining this record, one cannot escape the conclusion that the occupants of the blue and maroon cars in following the company car about five miles through the city traffic and then converging on it the moment it stopped had more in mind than merely a peaceable discussion of the strike. Intimidation, at least, is apparent. There is no dispute but that Donald Jones followed the company car. He was one of the group which approached the company car and blows were struck by some of the group. The affair constituted acts of violence against an employee of the company, whether he struck the blow or not.

III. Petitioner's final proposition is that the judgment is excessive. Section 665.4, subsection 2, provides a penalty of "a fine not exceeding five hundred dollars or by imprisonment in a county jail not exceeding six months, or by both such fine and imprisonment." Thus it will be seen that the penalty imposed is well within the statutory limitations. It is true that since contempt is considered as quasi-criminal, any punishment imposed therefor is not by way of punishment for the acts done but to enforce respect for and obedience to the orders of the court. In the instant case the record discloses a deliberate disregard of the court's order by the defendant. Under the statute, above referred to, the trial court is given a wide range of discretion as to the penalty to be imposed and only where there has been a clear abuse of that discretion should this court interfere. We do not find such abuse in this case.

Finding no error, the writ should be and is annulled.—Writ annulled.

All JUSTICES concur.

## SUPPLEMENTAL OPINION

PER CURIAM.—Upon petition for rehearing and further consideration of this case, a majority of the court is of the opinion

that the ends of justice will be better served by reducing the jail sentence to thirty (30) days.

The foregoing opinion is therefore modified to the extent that the jail sentence is reduced to thirty (30) days and with this modification the petition for rehearing is denied.