*In the matter of the Petition of* MIKE NOONAN *for a Writ of Habeas Corpus.*

CONTEMPT *in Facie Curiæ — Summary Punishment.* When the contempt sought to be punished is committed *in facie curiæ*, the punishment is summary, and generally immediately follows its commission. (*The State v. Henthorn*, 46 Kas. 613.)

### *Original Proceeding in Habeas Corpus.*

THE case is sufficiently stated in the opinion, filed February 6, 1892.

*C. W. Fairchild,* and *S. S. Ashbaugh,* for plaintiff.

*Per Curiam:* It appears from the record in this case that a direct contempt of court was made by the petitioner in the presence of the court. It was said in *The State v. Henthorn,* 46 Kas. 613, that —

"When the contempt sought to be punished is committed *in facie curiæ*, the punishment is summary, and generally immediately following its commission. In such case no preliminary process or evidence is necessary, except what is gathered by the sense of seeing and hearing. The court takes judicial notice of the offense, and punishes without a hearing of any kind, except in some cases to give the guilty parties an opportunity to apologize, upon which the court may discharge, or it may receive the apology in mitigation of the offense in fixing the punishment."

Subsequent proceedings were taken before the probate judge of Kingman county, but as that court has original jurisdiction in *habeas corpus* cases, if the district court has in any man-

ner violated its order, this is not the proper court, upon the case as submitted to consider or determine that matter. It is clearly evident that the district court had jurisdiction, and properly performed its duty in punishing the petitioner. When the attention of the probate judge is called to the proceedings before the district court against the petitioner, and our opinion concerning the validity of such proceedings, he will undoubtedly dismiss the case of the petitioner, now pending before him in the *habeas corpus* matter.

The petition will be denied and the prisoner remanded.