ANTON HYDOCK ET AL. v. STATE OF NEBRASKA.

FILED NOVEMBER 23, 1899. No. 10,742.

1. **Contempt: DISOBEDIENCE OF ORDER.** One who willfully disobeys and defies a valid restraining order is guilty of contempt of court.

2. ———: PROCEDURE: CRIMINAL LAW. Proceedings in contempt are in their nature criminal, the rules of strict construction applicable to criminal prosecutions obtain therein, and presumptions and intendments will not be indulged to sustain a conviction for contempt of court.

ERROR to the district court for Douglas county. Tried below before FAWCETT, J. *Reversed in part.*

*H. H. Baldrige* and *R. B. Montgomery,* for plaintiffs in error.

*C. J. Smyth, Attorney General,* and *Thomas & Nolan,* for the state.

NORVAL, J.

Thomas H. Ensor and Anton Hydock, respectively, mayor and policeman of South Omaha, were adjudged guilty of contempt of court upon an information charging them with the violation of a restraining order issued out of the district court of Douglas county, and a fine of $200 was imposed upon each of them. Each has prosecuted a petition in error, to obtain a reversal of the said judgment and sentence. The sole complaint is that the evidence adduced is insufficient to sustain the finding. On April 1, 1899, the registrars of the south ward of the city of South Omaha were engaged in the registration of the electors of said ward. Ed Johnson, who was a resident and elector of the ward, appeared at the place of registration, and, as he had the legal right to do, attempted to act as challenger. Some time in the afternoon of said day said Johnson was forcibly, and against his will, ejected from the place of registration by said Anton Hydock and one Patrick Morrissey, a police captain of said city, and was refused permission to appear before the registrars and challenge persons who presented themselves for registration. Thereupon Johnson obtained from the district court an order restraining Thomas H. Ensor, mayor of South Omaha, John C. Car-

roll, chief of police in said city, Patrick Morrissey, a captain of the police, and said Anton Hydock, a policeman, and all members of the police force of said city, and all persons acting under them, from interfering with Johnson in the exercise of his right as challenger at the registration. This order was served upon Hydock at 5:13 P. M. of said day, upon Morrissey at 5:15, upon Ensor at 6:34 and upon Carroll at 6:57. Almost immediately after the restraining order was served upon Hydock and Morrissey, and before the same was served upon Ensor, Johnson was seized by Hydock and one Aley and taken from the place of registration. They claimed to have arrested Johnson for disturbing the peace, but the evidence fails to disclose any infraction of the law by him. On the other hand, it appears that Johnson merely attempted to go into the room where the registrars were in session at the time he was seized. The evidence fully establishes that Hydock willfully violated and disobeyed the restraining order of the district court, after he had received actual notice of the issuance thereof, and the same had been personally served upon him. Hydock was, therefore, guilty of contempt of court. The proofs as to Ensor are entirely different. He was not present at the session of the registrars when Johnson was ejected from the building, but was more than half a mile distant. The restraining order had not then been served upon him, and there is an entire failure of proof to show that Ensor even knew that a restraining order had been allowed. On the other hand, Ensor testified· positively that he was not aware of the granting of the order at the time it was violated by Hydock. After the restraining order had been disobeyed by the latter, Ensor was apprised of the fact and, when the restraining order was served upon him, he was in the act of writing a note to the police officers not to interfere with Mr. Johnson, but to obey and respect the order of the court. We have repeatedly held that proceedings in contempt are in their nature criminal, and no intendments will be in-

dulged to sustain a conviction for contempt of court. See *Hawes v. State*, 46 Nebr., 149; *Wilcox v. State*, 46 Nebr., 402; *O'Chandler v. State*, 46 Nebr., 10; *Zimmerman v. State*, 46 Nebr., 13. It is therefore necessary to establish guilt beyond a reasonable doubt. As to Hydock, the evidence of guilt meets the standard required; but as to Ensor, his guilt is not established beyond a reasonable doubt. The judgment as to Hydock is affirmed, but the judgment against Ensor is reversed for the want of evidence to sustain it.

JUDGMENT ACCORDINGLY.