ELI HARDIN, Appellant, v. L. I. SILVARI.

Contempt:  RIGHT TO EXPLAIN:  *Waiver of.*  Code, section 4465, allows one accused of contempt to make, at his option, a written explanation thereof under oath.  *Held,* that where one's guilt is unquestioned, and where he advised the court in unmistakable language that he was ready for punishment if the judge was disposed to inflict it, it is not necessary that an opportunity be given for such written explanation before punishment was inflicted.

*Appeal from Polk District Court.*—HON. CHARLES A. BISHOP, Judge.

WEDNESDAY, MAY 22, 1901.

APPEAL from a judgment in certiorari proceedings brought in the district court to review the action of the defendant, as judge of the police court of the city of Des Moines, in entering three separate judgments for alleged contempts committed in the presence of that court. The correctness of the defendant's return is not questioned, and may be set out: "I was engaged as such police judge in the trial of the case of city of Des Moines against Robt. Inman *et al.,* and in the trial of other cases. That while in the trial of said cause and the discharge of other official duties, said court being then in session, Eli Hardin acted in a contemptuous and insolent manner towards the court. That the said Hardin said to the court in a loud voice that the said court was trying to hold both an appearance bond, given by one of the defendants above referred to, and also certain money de-

posited by said defendant to secure her appearance, and that the court had no right to hold said bond and keep the money. The court warned Hardin to keep quiet, and, if he failed to do so, he would fine him for contempt. Hardin, in reply, stated in a loud voice and in an insolent manner that he would not keep quiet; that he did not care if he was fined, and that he dared the court to fine him; and he would show the court that he would not keep quiet; and that he did not care for the court's orders, and had no respect for them. The court then fined said Hardin ten dollars and one day in jail, and entered of record judgment accordingly. Exhibit A is a correct transcript of the record of said court, showing the proceedings in said matter. The said court issued a mittimus in the action, directing that Hardin be committed to jail for the period of one day, and placed the same in the hands of the city marshal. That thereafter, and on the same day, after the court had assessed said fine, the said Hardin continued to act towards said court, while the same was in session, in a contemptuous and insolent manner, and said in a loud voice that he had utter contempt for the court, and defied the court to fine him again, and said, 'Why don't you fine me again ?' Thereupon the court fined said Hardin ten dollars and one day in jail, and entered of record a judgment finding said Hardin guilty of contempt, and fined as aforesaid. Exhibit B is a correct transcript in relation thereto. Thereafter, and on the same day, and while said court was in session, the said Hardin acted in an insolent manner towards said court, and lighted a cigar in the presence of said court, and thereby violated the rules of said court. The court ordered Hardin to quit smoking or leave the court room. Hardin, in an insolent manner, and in a loud voice, stated he would not quit smoking, and continued to smoke, and defied said court to compel him to quit, and that he dared the court to fine him again, and refused to leave the court room or quit smoking. The court then fined

Hardin ten dollars and one day in jail, and entered the same of record." The first of these judgments was annulled, and the petition as to the other two dismissed. The plaintiff appeals.—*Affirmed.*

*Bowen & Brockett* for appellant.

*Dowell & Parish* for appellee.

LADD, J.—The statute allows one accused of contemptuous conduct towards a court, at his option, to make a written explanation thereof under oath. Section 4465, Code. And it was held in *Russell v. French,* 67 Iowa, 102, that he has the absolute right to make such explanation "for the purpose of excusing the conduct or reducing the punishment, and a reasonable opportunity must be given for this purpose before punishment is inflicted." But for this decision, some members of the court would be inclined to say that the matter of allowing written explanation of direct contempts—those committed in the presence of the court—should be regarded discretionary, and not within the provisions of the statute mentioned. See *In re Noonan,* 47 Kan. 771 (28 Pac. Rep. 1104). The contemnor, however, is not bound to make explanation. It is merely optional with him, and he may do so or waive that right, as he may elect. That plaintiff was guilty of contempt is not questioned, and in unmistakable language he advised the court that he was ready for punishment if the judge was disposed to inflict it. This clearly amounted to a waiver of the right to be heard in explanation or excuse of his conduct, and under such circumstances, the offer of an opportunity therefor would have been an idle formality, not exacted by the law.—AFFIRMED.