JESSE O. WELLS, Plaintiff, v. THE DISTRICT COURT OF POLK COUNTY, and JOSIAH GIVEN, Judge thereof, Defendants.

**Contempt:** REVIEW ON CERTIORARI. The statutes relating to procedure in contempt cases authorize the appellate court on *certiorari* to review the evidence and determine whether it is sufficient to make out a case of contempt.

Contempt: EVIDENCE. Contempt proceedings are criminal in nature,
2 and to authorize a conviction the proof of guilt should be clear
and satisfactory. The evidence is reviewed and held insufficient
to make out a case.

### THURSDAY, JANUARY 12, 1905.

CERTIORARI proceedings originally brought in this court
to review the action of the district court of Polk county, Hon.
Josiah Given, Judge, in respect of certain contempt proceed-
ings had in that court, and wherein this plaintiff was ad-
judged to be guilty of a contempt of court, and by the judg-
ment ordered to pay a fine and costs. The opinion states the
case.— *Annulled.*

*Connor & Weaver* and *Bremner & Shular,* for plaintiff.

*W. H. Baily* and others, for defendants.

BISHOP, J.— The return to the writ issued out of this
court makes it appear that in October, 1903, an information
was filed in the district court of Polk county charging this
plaintiff with a contempt of court, for that, being a party
defendant in a certain cause pending in said court he had.
knowingly attempted to improperly influence the conduct of
one John Fletcher, a juror in regular attendance upon said
court, and afterwards drawn and sworn as one of the jury for
the trial of such cause, by causing and procuring one F. A.
Marvin to converse with said juror about such cause, the
merits thereof, and the verdict to be rendered therein, and to
solicit said juror to favor the defendant therein · in respect
of the verdict to be rendered. Upon the filing of such in-
formation a rule issued, and in response thereto this plaintiff
appeared, and made answer in writing, and under oath, in
which he denied all and singular the allegations in the infor-
mation contained. A motion for discharge, based upon the
denials contained in the answer, having been overruled, a
trial was had on oral testimony produced in open court,

resulting in a finding of guilty and the entry of judgment for a fine and costs.

Various questions of law are raised by the petition, and are discussed in argument by the respective counsel. In the view we take of the case, but one of such questions is material to be noticed, and this we shall do presently. One of the allegations of the petition for the writ is " that the said court and judge erred in the trial of the said proceedings in finding this plaintiff guilty, for the reason that there was no evidence whatever that this plaintiff ever authorized or had any knowledge of what was claimed to have been done by the said Marvin in attempting to improperly influence said juror Fletcher." Counsel for defendants insist that the intrinsic correctness of a contempt judgment, as that the same had no warrant in the evidence, cannot be reviewed by proceedings of certiorari, it appearing that the trial court had jurisdiction, and that its proceedings were conducted in due form. We may concede that such is the rule where the subject is not governed by provisions of statute. Under our statute, however, the writ of certiorari may issue, not only for the correction of errors committed as in excess of jurisdiction, or to set aside the illegal acts of an inferior tribunal, but in all cases when authorized by law. Code, section 4154. And by Code, section 4468, it is provided that " no appeal lies from an order to punish for contempt, but the proceedings may, in proper cases, be taken to a higher court for revision by certiorari." That by revision it was intended that the court sitting in review should pass upon the fact question involved, so far at least as to determine whether the act shown to have been committed was or was not sufficient in law to constitute a contempt, is made clear, as we think, by the reading of Code, section 4466. There it is provided that all the evidence upon which the action of the court is founded must be in writing, and made a part of the record. Such would be an idle proceeding if the judgment of the court as to the legal effect

1. CONTEMPT: review on certiorari.

or sufficiency of the evidence to make out a case of contempt could in no instance become the subject of review. Without further discussion, it will be sufficient to say that our reports present a number of cases where the right to review the facts in contempt cases has been assumed by this court, and we are agreed that in view of the statute such right is not open to question. Among other cases that might be cited, see the following: *Bartel v. Hobson,* 107 Iowa, 644; *Cameron v. Fellows,* 109 Iowa, 534; *Garrett v. Bishop,* 113 Iowa, 23; *Lindsay v. District Court,* 75 Iowa, 509.

Proceeding now to a consideration of the question as made in the case before us, and keeping in mind that the specific charge in the information is that through one Marvin this plaintiff attempted to influence the juror Fletcher, it is to be said that the case rests wholly upon the following facts: That Marvin did have a conversation with Fletcher, in which the cause pending against this plaintiff was mentioned, and that improper statements were made by Marvin, is conceded. On the part of the prosecution, it was sought to connect this plaintiff with such improper matter by the testimony of one B. D. Stevenson, a newspaper reporter. He testified that, upon a report being made by a committee of the bar of Polk county having a relation to certain matters of alleged contempt, and, as we assume, involving the name of this plaintiff, he sought an interview with plaintiff. The latter told him that " he did not know that he had anything to say in the matter; * * * that there was nothing in the matter particular." The witness does not pretend that any alleged conversation between Marvin and Fletcher was referred to during the interview, and was not willing to testify that the name of Marvin was even mentioned. As disclosed by the record, all that by any possibility could be claimed as of any materiality was that after refusing to talk about his own case, plaintiff stated a suppositious case, in substance as follows: If one man happening to meet another, who was a juryman, should say,

2. CONTEMPT: evidence.

" ' Well, do what you can for my friend Wells,' or something of that nature," if that was bribery, he expected bribery had been practiced. Plaintiff was a witness on his own behalf, and stated that before his case was to come up in court he went to Marvin, who was an employé of the United States Express Company, to make inquiry concerning a man by the name of Fletcher, also an employé of the said company, whom he understood had been drawn on the jury. He says he did this to ascertain if there was any reason for challenging Fletcher should he be drawn on the jury in his case. He then testified that Marvin pointed out Fletcher, and that he (plaintiff) responded by saying that he did not think such was the man. " Marvin says, ' Perhaps it is his father.' I said: ' Very likely. What kind of a man is he, and where does he live ? ' He said, ' He lives out on Fifth street.' I asked Marvin if he thought he had been against me politically. He said, ' I will see.' * * * Marvin did not say that he would see Fletcher. He said he would see; or, in other words, he would find out — find out if he was against me politically. I did not understand, when I left there, that he was going to see Fletcher, the juryman. I did not know that he did see him until Fletcher testified to it in court."

Foregoing is the substance of all the testimony relied upon to support the judgment. To our minds, it is wholly insufficient to make out a case of contempt. That plaintiff had the right to do and say what he admits having said and done must be admitted. So far there is not even room for controversy. The stating of a suppositious case by plaintiff to a newspaper reporter, standing alone, cannot be accepted as a confession tending in any degree to prove his guilt of the offense charged in the information. Contempt proceedings are in their nature criminal, and, before a conviction is had, the proof of guilt should be clear and satisfactory.

We are agreed that the judgment entered by the district court should be and it is ordered *annulled.*