H. H. SAWYER, Plaintiff, v. WM. HUTCHINSON, Judge of the Fourth Judicial District, Defendant.

**Certiorari:** CONTEMPT: TRIAL *de novo.* The Supreme Court has power to set aside a decree of the lower court dismissing a charge for violating an injunction because of the trial court's erroneous conclusions upon the evidence; but the opinion of the lower court will not be wholly disregarded where there is substantial conflict in the evidence.

**Same:** WEIGHT OF EVIDENCE. A contempt proceeding is *quasi* criminal and requires a greater weight of evidence than ordinary civil cases and a clear case should be made before punishment is inflicted for the violation of an injunction.

*Appeal from Woodbury District Court.*—HON. WM. HUTCHINSON, *Judge.*

WEDNESDAY, OCTOBER 26, 1910.

CERTIORARI proceedings to review the action of the defendant judge in dismissing an information filed against one G. A. Pecaut for the violation of a liquor injunction decree.—*Affirmed.*

*John F. Joseph,* for plaintiff.

*Henderson & Fribourg,* for defendant.

DEEMER, C. J.—G. A. Pecaut was accused by informa-

tion of the violation of a decree restraining him from the sale of intoxicating liquors in Woodbury County contrary to law. It is charged that the evidence showed a violation of this decree, in that Pecaut sold, or permitted the sale of, intoxicants to minors in and from his saloon and permitted minors to frequent his place, all of which was contrary to and in violation of law and of the decree of court passed against him.

The questions made upon this proceeding, save some collateral constitutional ones which we do not find it necessary to determine, are of fact; and we are asked to annul the proceedings of the defendant in dismissing the charge and discharging the accused because of error in his conclusions upon the testimony adduced. That we have such power is already settled by prior adjudications of this court. See *Lindsay v. Clayton County,* 75 Iowa, 509; *Barber v. Brennan,* 140 Iowa, 678; *Lewis v. Brennan,* 141 Iowa, 585; and other like cases.

1. Certiorari: contempt: trial *de novo.*

Doubtless under these decisions the trial here is *de novo;* but we have never held that the finding of the trial court on issues of fact upon conflicting testimony is not entitled to weight, especially where the testimony is equally balanced, or there is fair room for a difference of opinion upon the issues involved. In such cases the appearance and demeanor of the witnesses is of very great aid in determining the very truth, and the trial judge had the advantage of having the witnesses before him.

Again, a contempt proceeding, being *quasi* criminal in nature, calls for a greater weight of evidence than an ordinary civil case, and the rule generally prevailing in other states is that a clear case should be made out before an accused will be punished for violating an injunctional decree. *Hydock v. State,* 59 Neb. 296 (80 N. W. 902); *In re Taylor,* 10 Pac. 88; *Benbow v. Kellom,* 52 Minn. 433 (54 N.

2. Same: weight of evidence.

W. 482); *State v. Cunningham*, 33 W. Va. 607 (11 S. E. 76). And such appears to be the rule with us. *Allen v. Brennan*, 126 N. W. (Iowa) 771.

Of course, if the testimony be uncontradicted, or so clearly preponderates as to make it reasonably conclusive that the party charged was in contempt, we shall have no hesitancy in annulling the proceedings and remanding the case for proper action. But it must be remembered that a trial court in such cases is as anxious to preserve order and respect for its decrees as we could be. The contempt charged may be, and generally is, for violation of a decree passed by the court before whom the accused is brought, and every man holding the responsible position of judge is anxious to preserve the integrity of the institution over which he is called upon to preside. With these thoughts in mind, we have gone to the testimony as presented by the record, which includes a translation of the shorthand reporter's notes, and, while we find that minors were at times in Pecaut's saloon, they were there no longer than was reasonably necessary to get them out, and no violation of the decree in this respect is shown. We should better say, perhaps, that there is no such showing as would justify us in annulling the proceedings. And so as to the claim of sales to minors, there is a sharp conflict in the testimony on this proposition, so decided in character that we can not say that the trial court was not justified in finding that no such sales were made. It would serve no good purpose to set out the testimony.

It is enough to say that we have read the record with care and are convinced that we should not interfere.

The order and judgment are therefore *affirmed*.