LIDA MCFRY ET AL., APPELLEES, V. CITY OF LINCOLN: ADAM J. YOST, APPELLANT.

FILED JUNE 15, 1934. No. 28993.

*Chambers & Holland*, for appellant.

*Littrell & Patz*, contra.

Heard before ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LESLIE and RYAN, District Judges.

EBERLY, J.

By an order made and entered on August 3, 1932, in a cause then pending in the district court for Lancaster

county, the defendant, Adam J. Yost, doing business under the firm name and style of the Peoples Coal Company, a corporation, its agents and servants were perpetually enjoined from so conducting and maintaining a coal yard, located on lots 25, 26, 28, 29 and 30 of Hartz & Brace's subdivision to the city of Lincoln, "as to be a nuisance to the neighborhood, and from so conducting said yard as to keep and deprive the plaintiffs from the proper and reasonable enjoyment of their premises as before the expansion of said coal yard (during 1931) ; and the said defendant and its agents and servants are hereby separately and severally enjoined from so conducting the said yard that the dust and dirt therefrom caused by the handling of coal on the premises of the said coal company shall escape therefrom and circulate through the neighborhood in such wise as to deposit large quantities of the same upon the premises and buildings of the plaintiffs and in such wise as to penetrate the said buildings and soil the interiors of the same and interfere with the reasonable comfort of their homes."

Subsequently complaints were filed in said cause in the form of affidavits sworn to by certain of the plaintiffs in this action (accompanied by a motion) charging Adam J. Yost, who appears to be the manager and in charge of the business of the defendant coal company, with violation of the decree of injunction, in that he wilfully permitted and caused the escape from the premises of this coal company of large quantities of coal dust and the circulation of the same through the neighborhood in such wise as to deposit large quantities of dust upon the premises and buildings of plaintiffs in a manner and to the extent strictly forbidden by the decree.

Citation was issued and served upon Adam J. Yost. He appeared and trial was had. Evidence was presented in behalf of both plaintiffs and defendant. On the suggestion, and by agreement of the parties, the trial judge personally viewed the premises. The court upon consideration of all the evidence, including that received by per-

sonal view of the premises, determined the disputed question of fact against the defendant, and at the close of the hearing it was ordered that Adam J. Yost, making no sufficient answer, pay a fine of $25 and costs, and further ordered that said defendant be committed to the county jail in case said fine is unpaid.

From the court's order denying his motion for a new trial the defendant appeals as in a civil action. No petition in error is filed. His principal contentions are: (1) That the injunctional order is vague, uncertain and indefinite in its terms and will not support a finding of guilt; and (2) that the evidence is insufficient to support the conviction.

We assume, but do not determine, that the case is here for review. *State v. Dodd,* 99 Neb. 800; *Thompson v. Nelson,* 4 Neb. (Unof.) 687.

We are satisfied that the injunctional order is not fatally defective or indefinite. Section 20-2121, Comp. St. 1929, defines as a contempt a wilful disobedience of a lawful order of a court. See, also, *Hydock v. State,* 59 Neb. 296.

Considering the evidence with due regard to the rules of strict construction applicable to criminal prosecutions, and without the indulgence of presumptions and intendments to sustain the conviction, we find the evidence ample to support the sentence of the trial court.

The judgment and sentence of the district court is, therefore,

AFFIRMED.