A. L. STEIN, petitioner, v. MUNICIPAL COURT OF SIOUX CITY, Woodbury County; HONORABLE GEORGE M. PARADISE, respondent.

No. 47718.

(Reported in 46 N.W.2d 721)

MARCH 6, 1951.

Ray E. Rieke, of Sioux City, for petitioner.

Robert L. Larson, Attorney General, Don Hise, First Assistant Attorney General, Earl R. Shostrom, Assistant Attorney General, and Bernard A. Brown, County Attorney, for respondent.

WENNERSTRUM, C. J.—This appeal arises by reason of a writ of certiorari issued from this court for the purpose of passing upon the sufficiency of the evidence and the validity of the proceeding upon which a judgment for contempt was entered against the petitioner by the respondent, a judge of the municipal court of the City of Sioux City, Iowa.

On Sunday morning, April 9, 1950, Erwin A. Searles and William H. Searles of Akron, Iowa, were arrested in Sioux City, Iowa. Erwin A. Searles was charged with intoxication, and William H. Searles was charged with intoxication and reckless driving. The two men are brothers. After they had been held in jail for several hours, inquiry was made of them by a police officer whether they wished to be released. They stated they did and they were removed from the cell in which they had been held, and thereafter they conferred with A. L. Stein, the petitioner. Stein's business is that of a professional bondsman. The record shows that the petitioner furnished appearance bonds for the two Searles brothers on the three charges filed and was paid the sum of $40 for this service. There is conflicting testimony relative to statements made by Mr. Stein and the Searles brothers pertaining to the employment of an attorney. Mr. Stein testified he suggested to William Searles that he should call a certain attorney for the purpose of employing him, and there is testimony on the part of this attorney that he did receive such a telephone call from one of the Searles brothers. This conversation is denied by both of the brothers although their testimony

concerning this phase of the case is rather indefinite. The record shows that Stein had told Erwin Searles if he wanted to plead guilty to intoxication he could do so and that if such plea was entered it would not be necessary for him to appear and that an attorney would have to plead guilty for him as he, Stein, was not an attorney. Stein stated he informed Erwin Searles that he would pay whatever fine was assessed out of the money paid him for the furnishing of the bonds. On the morning of April 10, 1950, the attorney suggested by Mr. Stein entered a plea of guilty to the charge of intoxication for Erwin Searles and a fine in the amount of $7 and costs was imposed by the court. This was paid by A. L. Stein. The two brothers, on April 10, 1950, conferred with an attorney at Akron, Iowa, who, in turn, associated with him another Sioux City lawyer. Thereafter the plea of guilty earlier entered was later withdrawn by the Sioux City attorney.

On April 24, 1950, George M. Paradise, one of the judges of the municipal court of Sioux City, and the respondent herein, filed an affidavit setting out detailed statements relative to claimed actions by A. L. Stein which we have heretofore materially summarized. It was therein charged that by reason of his actions in connection with the matters previously set forth, Stein was guilty of contempt of court. An order was issued directed to A. L. Stein to show cause why he should not be punished for contempt. Upon the hearing relative to the contempt charge the petitioner moved to dismiss the contempt proceeding because of the insufficiency of the charge. This motion was overruled. At the conclusion of the hearing the court found:

"* * * that A. L. Stein is guilty of contempt of court, and that A. L. Stein in his dealings on April 9, 1950, with Erwin Searles and William H. Searles assumed to be an officer, attorney or counselor of the court, and he did act as such without authority on said date in engaging in the practice of law by giving advice and counsel and rendering services requiring the use of legal skill and knowledge to one Erwin Searles, who had been accused of the crime of intoxication, by selecting and furnishing counsel or an attorney of his choice when he himself was not an attorney or a member of the legal profession to appear for

Erwin Searles and William H. Searles on April 10, 1950, in cases pending against them in this court by accepting and receiving without any authority a sum of money from Erwin Searles and William H. Searles on April 9, 1950, for this court to be paid as a fine and costs prior or before the particular case had been submitted or decided and the amount of fine ascertained or imposed by this court, and without disclosing such fine, either by himself or by his designated attorney, A. L. Stein did on April 10, 1950, pay the fine of $7 and costs of $2 imposed by this court after a plea of guilty * * *."

By virtue of the findings of the court A. L. Stein was fined the sum of $100 and costs of the proceeding and in default of payment of such fine he was ordered committed to the county jail for thirty days. In addition to the fine the court held that the petitioner should be committed to the county jail for the additional period of sixty days. However, it was ordered that the sentence of the additional sixty days should be suspended until further order of the court, and the petitioner was paroled during his good behavior to his attorney.

The statutory basis for the charge filed against petitioner, as shown by the respondent's findings of fact and conclusions of law, is a portion of section 665.3, 1950 Code of Iowa, which, in part, provides: "* * * any court of record may punish the following acts or omissions as contempts: * * * 2. Assuming to be an officer, attorney, or counselor of the court, and acting as such without authority."

The respondent in his findings stated:

"Any person who collects a fine in any case before such case is heard and decided, and the fine determined by a court, not only assumes to be and act[s] as an officer of the court, but he performs the very function of the court itself, and in deciding the amount of the fine, and collecting it from the accused, without a hearing, and without a trial, in the view of this court, is included in the section that has been previously mentioned. The defendant himself, in this case, on the stand, has stated that he collected $40.00, and that the fine in the case of intoxication was included in that amount.

"This collection of fines in advance by bondsmen is a vicious

practice. It subjects the established courts to degradation and subdues their independence and destroys their authority and integrity. Certainly, it is the right and duty of a conscientious court to protect its good name, its integrity and authority, and when the proof is clear and satisfactory, as it appear[s] in this case, subject[s] the person or persons engaging in such practices to the penalty of contempt."

The material issues presented upon this appeal are: (1) Whether the court erred in overruling petitioner's motion to dismiss because the charges set forth in the show-cause order were insufficient to inform him of the charges, thereby failing to give the court jurisdiction, (2) whether the evidence presented in the trial court was sufficient to convict, and (3) whether the court erred in its sentencing of the petitioner.

█ I. We find we are in much the same quandary as counsel for the petitioner in seeking to ascertain from the affidavit filed what the specific complaint was for which the petitioner was charged with contempt. There are general statements made relative to what Mr. Stein said concerning the employment of an attorney, and there is incorporated in the affidavit a partial transcript of the testimony of William H. Searles at a prior hearing pertaining to this phase of the case. At no place in the affidavit is there a specific charge made as a basis for the contempt proceeding. It is only by reference to the court's later findings at the conclusion of the contempt hearing that one is able to learn in what manner it is claimed the dignity and integrity of the court was affected. We have held, however, that the allegations of an affidavit charging contempt may be set forth in a general manner. State v. Baker, 222 Iowa 903, 905, 270 N.W. 359. These general allegations should be sufficiently specific to apprise the party charged of the particular action or actions for which it is claimed he should be held to be in contempt.

██ II. This court has authority to review in a proceeding in certiorari the actions of a trial court in a contempt hearing. Section 665.11, 1950 Code; Wells v. District Court (Given, Judge), 126 Iowa 340, 344, 102 N.W. 106; Sawyer v. Hutchinson, Judge, 149 Iowa 93, 94, 127 N.W. 1089. In determining whether there is a sufficiency of evidence to warrant a finding

that a person is guilty of contempt we are bound by prior holdings of this court which has held: that a clear case should be made before punishment is inflicted, Sawyer v. Hutchinson, Judge, supra; that proof of guilt should be clear and satisfactory, Wells v. District Court (Given, Judge), supra; Burtch v. Zeuch, 200 Iowa 49, 52, 202 N.W. 542, 39 A. L. R. 1349, Andreano v. Utterback, Judge, 202 Iowa 570, 572, 210 N.W. 780; and a mere preponderance of the evidence in a contempt proceeding is not sufficient, as it must be of a clear, convincing and satisfactory nature, Jones v. Levis, Judge, 240 Iowa 602, 606, 35 N.W.2d 891.

 From a perusal of the court's findings of fact it would appear that it had concluded that the petitioner had assumed to act as the court or as an official of the court in fixing the amount of a fine. We do not believe that the evidence justifies such a conclusion. There is testimony in the record which shows that there was a conversation between Mr. Stein and William Searles relative to the payment of a fine. During the examination of William Searles he testified, in part, as follows:

"Q. (By Mr. Rieke) Do you recall that he (Stein) might have said to you or in your presence in talking to both you and your brother that if the attorney appeared for you both and plead him guilty that there could be a fine assessed and there would have to be enough money here to pay the fine and the costs of the proceeding, do you remember that? A. Yes. Q. He said that, didn't he? A. Yes."

Nowhere in the evidence is there any statement that Mr. Stein informed William Searles what the amount of the fine would be. We do not find in the record sufficient, if any, evidence which would justify the trial court in holding that the petitioner in any way indicated what the fine would be and thereby assumed to act for the court.

 It was the finding of the court that the petitioner was acting as an attorney. The evidence does not justify such a conclusion. From the respondent's own findings, all the petitioner did was to suggest to one of the brothers that he should employ a certain lawyer. Under the circumstances it may not have been the advisable thing to do, but it cannot be held to be practicing law. In Bump v. District Court, 232 Iowa 623, 633, 5 N.W.2d

914, we cited, with approval, many cases holding that the furnishing or agreeing to furnish counsel by persons not members of the bar constituted the illegal practice of law, but, under the court's own findings, this was not the situation in the instant case. We have reached the conclusion that the evidence presented was not of such a clear and satisfactory nature to justify the trial court in holding the petitioner guilty of contempt in that there was no proper proof that the petitioner assumed to be an attorney at law.

By virtue of the conclusions announced the writ of certiorari is sustained.—Writ sustained.

All JUSTICES concur except MANTZ, J., not sitting.