**Charles KNOX, Plaintiff,**

**v.**

**Honorable Ray HARRISON, Judge, Municipal Court of the City of Des Moines, Polk County, Iowa, Defendant.**

**No. 54601.**

Supreme Court of Iowa.

April 9, 1971.

Charles F. Glenn, West Des Moines, for plaintiff.

John H. King, Asst. County Atty., for defendant.

STUART, Justice.

This is the second contempt matter against Charles Knox in which we granted

certiorari to review the legality of the proceedings in the lower court. See Knox v. Municipal Court of City of Des Moines, No. 22/54564, 185 N.W.2d 705. Knox was "arraigned" before Judge Harrison at about 6:00 p. m. on November 5, 1970 on the contempt citation resulting from the spitting incident in Judge Brooks' court at about 12:30 p. m. the same day. The court first stated "there will be no disorder". Mr. King, the assistant county attorney, read the "information" charging Knox with contempt. Knox remained silent when asked if Charles Knox was his name and if he had an attorney. The following then took place.

"MR. KING: If it please the Court, your Honor, I would ask that this matter be set down for immediate hearing so that we may dispose of it at this time.

"THE COURT: Well, I would be for that except that I think we should give Mr. Knox the opportunity to have a hearing.

"THE DEFENDANT: (laughter)

"THE COURT: And if there is any more outbursts from you, I will find you in contempt right now.

"THE DEFENDANT: Go ahead, who cares, Fascist.

"THE COURT: Let the record show that Mr. Knox has referred to this Court as Fascist and it is the judgment of the Court that he now be confined for a period of six months in the County Jail and that he be fined $500 in addition thereto.

"Now, Mr. Knox, do you want to enter your plea on this contempt of court, this other one?

"THE DEFENDANT: I enter no plea —I enter no plea and it is good to be sentenced by you, Fascist.

"The COURT: I will enter a plea of not guilty and set your trial."

Knox's contemptuous conduct continued during the remainder of the short hearing during which the trial was set for 9:00 the next morning, November 6, 1970. As stated in the other contempt matter the next morning Mr. Glenn was appointed to represent Knox and trial was reset for November 10, 1970.

For other contempt citations growing out of the spitting incident see, DePatten v. Honorable Ray Harrison, Judge, No. 19/54552; Green v. Honorable Ray Harrison, Judge, No. 20/54553; Rhem v. Municipal Court of City of Des Moines and Ray Harrison, Judge, No. 21/54555, all filed as of the date of this opinion, 185 N.W.2d 720, 722, 724.

■ I. The conduct complained of here was a direct contempt in the immediate view and hearing of the court. The presiding judge exercised his right to summarily punish the contemnor under the law and cases set forth in Knox v. Municipal Court of Des Moines, supra. Contemnor, by his contemptuous conduct waived his right to a reasonable opportunity to file a written explanation of his conduct.

In Hardin v. Silvari (1901), 114 Iowa 157, 159, 86 N.W. 223, 224, we said: "The contemnor, however, is not bound to make an explanation. It is merely optional with him, and he may do so or waive that right as he may elect. That plaintiff was guilty of contempt is not questioned, and in unmistakable language he advised the court that he was ready for punishment if the judge was disposed to inflict it. This clearly amounted to a waiver of the right to be heard in explanation or excuse of his conduct, and, under such circumstances, the offer of an opportunity therefor would have been an idle formality, not exacted by the law." See also Coyle v. Sawyer (1924), 198 Iowa 1022, 1027–1028, 200 N. W. 721, 723.

■ II. Proof of guilt in a contempt proceeding must be clear, satisfactory and

convincing. Stein v. Municipal Court of Sioux City (1951), 242 Iowa 465, 470, 46 N.W.2d 721, 724.

■ Petitioner contends his conduct was not contemptuous, that fascism is a political term that is not contemptuous or insolent. We do not agree. Although the term might be used in a manner which would not be contemptuous, it is clear from the record the petitioner, by his conduct and the use of the term, intended to interrupt the proceedings, embarrass the judge and degrade the order and dignity of the court. Judge Harrison did not act illegally in finding petitioner guilty of contempt.

III. The trial court gave petitioner the maximum sentence under section 665.4, 1966 Code, six months in jail and a $500 fine. We believe the sentence was excessive under the record here. Undoubtedly and quite naturally the court was influenced by petitioner's conduct in the afternoon. This incident should not affect the penalty for the conduct in Judge Harrison's court. We therefore modify the order by providing for the punishment to run concurrently with the six months jail sentence imposed in Knox v. Municipal Court et al., No. 22/54564, and the $500 fine is hereby withdrawn. Costs in this court and in respondent's court are taxed to petitioner.

Order modified by reducing the punishment and otherwise sustained; writ annulled.

Order modified and writ annulled.

MOORE, C. J., and MASON, LeGRAND and REES, JJ., concur.

UHLENHOPP, RAWLINGS and BECKER, JJ., dissent.

UHLENHOPP, Justice (dissenting).

See dissenting opinion in No. 54564, Knox v. Municipal Court of City of Des Moines, 185 N.W.2d 705.

RAWLINGS and BECKER, JJ., join in this dissent.