Steven GREEN, Plaintiff,

v.

Honorable Ray HARRISON, Judge, Municipal Court of the City of Des Moines, Polk County, Iowa, Defendant.

No. 54553.

Supreme Court of Iowa.

April 9, 1971.

Kingsley Clarke, Jr., and Harlan L. Lemon, Des Moines, for plaintiff.

John H. King, Asst. County Atty., for defendant.

STUART, Justice.

We granted a writ of certiorari to review the proceedings before respondent judge including his order adjudging petitioner guilty of contempt and sentencing him to six months in the Polk County jail. This is one of the citations for contempt that arose out of a disturbance in the Des Moines Municipal Court after Charles Knox spit on Judge Brooks. For related cases see: Knox v. Municipal Court et al., No. 22/54564; Knox v. Honorable Ray Harrison, Judge, No. 23/54601; DePatten v. Honorable Ray Harrison, Judge, No. 19/54552; Rhem v. Municipal Court et al., No. 21/54555, all filed as of the date of this opinion, 185 N.W.2d 705, 718, 720, 724.

Steven Green and several other friends of Knox were in the courtroom on November 5, 1970 when he was being tried on the charge of operating a motor vehicle while his license was under suspension. During the morning when other cases were being tried Green was causing a disturbance by making comments loud enough to be heard over the courtroom about the "fascist court" and "pig court" and counting the number of "pigs" in the courtroom. Each time someone was found guilty in a traffic case he would say "found guilty again by the fascist court". A court attendant told him to be quiet two or three times. When Knox spit on the judge many of the audience stood up, including Green. He took one step toward the bench and was forced back into his chair by deputy bailiff Wallace.

Green was represented by counsel when he appeared before Judge Harrison at about 6:20 the same evening. His trial was set for the next morning without objection. The testimony of two deputy bailiffs supports this brief description of defendant's conduct in Judge Brooks' court. Green in defense offered the testimony of two women present in court that all he did was stand like many others in the courtroom. A lawyer present during this incident testified as follows:

"At the time that Charles Knox was sentenced, most of the people to my left and to my right stood up. The group to my left, they were scuffling and to my right, they were scuffling but that's all I saw. There were just people standing up.

"Q. Did Mr. Green ever do anything aside from simply standing up? A. Not that I saw. Of course, when I saw him, an officer had him."

Green himself testified in addition that he did not use such words as "fascist pig".

■ I. Guilt in a contempt action must be established by clear, satisfactory and convincing evidence. Stein v. Municipal Court of Sioux City (1951), 242 Iowa 465, 470, 46 N.W.2d 721, 724. Petitioner claims the evidence here fails to meet that burden as a matter of law. We do not agree. Although there is a conflict in the evidence, the testimony of the state's witnesses support a finding that petitioner by his conduct clearly intended to interrupt the proceedings, embarrass the judge and degrade the order and dignity of the court. Judge Harrison did not act illegally in finding petitioner guilty of contempt. Knox v. Municipal Court et al., supra; Knox v. Honorable Ray Harrison, Judge, supra.

II. Petitioner claims respondent acted illegally in finding him guilty of contempt and sentencing him because no affidavit was filed or made a part of the record contrary to section 665.6, 1966 Code. This issue was raised and discussed in Knox v. Municipal Court et al., supra. We there determined an affidavit was not required under these circumstances. What was said there applies with equal force to the instant case. There is no merit in petitioner's second assigned error.

III. Petitioner claims the judgment and sentence were illegal because the court failed to enter a statement of facts upon which the order of commitment was founded as required by section 665.9, 1966 Code. This issue was also raised and considered

in Knox v. Municipal Court et al., supra. This section applies to a summary proceeding to punish for contempt committed in the view and within the knowledge of the presiding judge.

We find no merit in this assignment of error.

■ IV. This petitioner's conduct while supporting a judgment of contempt was not as violent or extreme as that of Knox or DePatten. His conduct at the time he pleaded not guilty and at his trial was no longer insolent or contemptuous. He took advantage of the opportunity to present evidence in his own behalf and took part in the orderly administration of the courts. We believe it was an abuse of discretion to sentence Green to the same jail term received by Knox and DePatten who continued their insolent and contemptuous conduct to the very last.

We therefore hold the six months jail sentence was excessive and modify the order by reducing the punishment to confinement in the county jail for four months. Newby v. District Court of Woodbury County, 259 Iowa 1330, at 1343–1344, 147 N.W.2d 886 at 894, 895.

Order modified by reducing punishment and otherwise sustained; writ annulled.

Order modified and writ annulled.

MOORE, C. J., and MASON, LE-GRAND and REES, JJ., concur.

UHLENHOPP, RAWLINGS and BECKER, JJ., dissent.

UHLENHOPP, Justice (dissenting).

See dissenting opinion in No. 54564, Knox v. Municipal Court of City of Des Moines, 185 N.W.2d 705.

RAWLINGS and BECKER, JJ., join in this dissent.