Clive De PATTEN, Plaintiff,

v.

Honorable Ray HARRISON, Judge, Municipal Court of the City of Des Moines, Polk County, Iowa, Defendant.

No. 54552.

Supreme Court of Iowa.

April 9, 1971.

Kingsley Clarke, Jr., and Harlan L. Lemon, Des Moines, for plaintiff.

John H. King, Asst. County Atty., for defendant.

STUART, Justice.

We granted a writ of certiorari to review the proceedings before respondent judge including his order adjudging petitioner guilty of contempt and sentencing him to six months in the Polk County jail. This is one of the citations for contempt that arose out of a disturbance in the Des Moines Municipal Court after Charles Knox spit on Judge Brooks. For related cases see: Knox v. Municipal Court et al., No. 22/54564; Knox v. Honorable Ray Harrison, Judge, No. 23/54601; Green v. Honorable Ray Harrison, Judge, No. 20/54553; Rhem v. Municipal Court et al., No. 21/54555 all filed as of the date of this opinion, 185 N.W.2d 705, 718, 722, 724.

Clive DePatten and several other friends of Knox were in the courtroom on November 5, 1970 when he was being tried on the charge of operating a motor vehicle while his license was under suspension. While the court was in session during the morning, DePatten frequently called the court a "fascist court" and a "pig court" and referred to the officers as "pigs".

During Knox's trial DePatten was seated in the front row of seats behind counsel table. When Knox spit on the judge he jumped up and shouted "mother fucking pacifist" (on cross-examination the witness said "it could have been Fascist") and started toward the bench. Ronald Stewart, deputy bailiff of the municipal court, who with two other deputies subdued DePatten, testified:

"I was the first one to grab him. It was about the time he got to the front of the bench. * * * He was sitting at the end of the counsel table. He scooted two chairs in front of me. I had to get over the chairs to get to him and I got him about the time he reached the bench."

DePatten was represented by counsel when he appeared before Judge Harrison of the Des Moines Municipal Court at about 6:15 the same evening. His trial was set for 9:00 the next morning with counsel's approval. The testimony of two deputy bailiffs supports this brief description of defendant's conduct in Judge Brooks' court. DePatten offered no testimony.

The court found defendant guilty of contempt and gave him a chance to speak. He said: "I realize that the only charge I am guilty of is being a Communist and serving the people and that in this court a Communist has no rights that this court is bound to respect. So I knew I was guilty before I walked in the door." After DePatten stated he had nothing further to say he was sentenced to six months in the Polk County jail. He then stated: "Why not ten years?"

I. Guilt in a contempt action must be established by clear, satisfactory and convincing evidence. Stein v. Municipal Court of Sioux City (1951), 242 Iowa 465, 470, 46 N.W.2d 721, 724. Petitioner claims the evidence here fails to meet that burden as a matter of law. We do not agree. Petitioner's conduct as briefly summarized above was clearly intended to interrupt the proceedings, embarrass the judge and degrade the order and dignity of the court. Judge Harrison did not act ille-

gally in finding petitioner guilty of contempt. Knox v. Municipal Court et al., supra; Knox v. Honorable Ray Harrison, Judge, supra.

■ II. Petitioner claims respondent acted illegally in finding him guilty of contempt and sentencing him because no affidavit was filed or made a part of the record contrary to section 665.6, 1966 Code. This issue was raised and discussed in Knox v. Municipal Court et al., supra. We there determined an affidavit was not required under these circumstances. What was said there applies with equal force to the instant case. There is no merit in petitioner's second assigned error.

■ III. Petitioner claims the judgment and sentence were illegal because the court failed to enter a statement of facts upon which the order of commitment was founded as required by section 665.9, 1966 Code. This issue was also raised and considered in Knox v. Municipal Court et al., supra. This section applies to a summary proceeding to punish for contempt committed in the view and within the knowledge of the presiding judge.

We find no merit in this assignment of error.

As we have found respondent acted legally in all respects urged by petitioner, we hereby annul the writ of certiorari.

Writ annulled.

MOORE, C. J., and MASON, Le-GRAND and REES, JJ., concur.

UHLENHOPP, RAWLINGS and BECKER, JJ., dissent.

UHLENHOPP, Justice (dissenting).

See dissenting opinion in No. 54564, Knox v. Municipal Court of City of Des Moines, 185 N.W.2d 705.

RAWLINGS and BECKER, JJ., join in this dissent.